**JOHNSON & STALEY, INC., Plaintiff,**

v.

**BUSHAN & LEVY, P. C., Mortimer H. Chute, Sr., Mortimer H. Chute, Jr., individually on his own behalf, and Mortimer H. Chute, Jr., as custodian for Elizabeth Chute, Catherine Chute, Margaret Chute, and Dorothy Chute, under the New York Uniform Gifts to Minors Act, Ivan N. Olsen, William J. Schroeder, Dorothea B. Chute, Walter G. Schroeder and Elvin Kimble, Defendants.**

No. 81 Civ. 4544.

United States District Court,
S. D. New York.

Dec. 18, 1981.

D'Amato & Lynch, New York City, for defendant Bushan & Levy, P. C.; Andrew R. Simmonds, New York City, of counsel.

## OPINION

EDWARD WEINFELD, District Judge.

This action arises out of the purchase of all the stock of Bainbridge, Kimpton & Haupt, Inc. ("Bainbridge") by the plaintiff in December, 1978. Plaintiff alleges that, in connection with the sale, defendants violated section 17 of the Securities Act of 1933 and section 10(b) of the Securities Exchange Act of 1934 and Rule 10b–5, and that they also committed various common law violations. Defendant Bushan & Levy moves to dismiss the complaint in its entirety pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Both parties, however, rely on affidavits and have submitted statements of material facts as required by Local Rule 3(g) upon a motion for summary judgment. Accordingly, the motion herein is treated as one for summary judgment.[1]

Plaintiff alleges that in purchasing the Bainbridge stock it relied on Bainbridge's 1978 financial statement, which was prepared by the defendant Bushan & Levy, an accounting firm. It further alleges that Bushan & Levy engaged in fraudulent practices in preparing the financial statement; that Bushan & Levy knowingly, or with reckless disregard for the truth, made false statements of material facts and omitted facts necessary to prevent other statements in the financial statement from being materially misleading; specifically, that the defendant falsely overstated Bainbridge's accounts receivable and inventory and omitted numerous liabilities, including tax liabilities. Plaintiff further alleges that Bushan & Levy failed to take reasonable and customary steps, required by generally accepted accounting principles, to verify the information contained in the financial statement, despite the fact that it certified the truth and accuracy of the statement.

Gerstein, Queler & Churchill, New York City, for plaintiff; Robert S. Churchill, New York City, of counsel.

1. *See* F.R.Civ.P. 12(b).

Only for the purpose of this motion, Bushan & Levy does not deny that the 1978 financial statement contains material misrepresentations. Instead, it argues that plaintiff cannot prove the essential elements of deception and reliance under the securities laws because plaintiff was on notice that there were inaccuracies in the financial statement and therefore was not misled by them. The element of deception requires plaintiff to prove some deception, misrepresentation or omission by defendant in connection with plaintiff's purchase of the Bainbridge securities.[2] The element of reliance requires plaintiff to show that defendant's deception was a substantial factor in its decision to purchase the Bainbridge stock.[3] In support of its motion, defendant relies on a proviso in the financial statement that states, "[t]he corporation recognizes that it will require new capital or profitable operations to continue in business." It also relies on a letter written by plaintiff's president in October, 1978 before the sale had been consummated. The letter expresses the plaintiff's suspicion that the 1978 financial statement was inaccurate: "We feel that the inventory is inflated; it is not worth what is shown on the financial statement. We can only assume that the accounts receivable are in the same condition. Therefore, there could be surprises in other areas." Plaintiff's president also wrote a second letter in which he indicated that he had visited Bainbridge facilities and that "[o]ur observations are essentially the same now, as we thought they might be when the [first] letter was dictated." Defendant asserts that these facts show that plaintiff could not have relied on the 1978 financial statement and that the inaccuracies in the financial statement, therefore, were not deceptive.

Plaintiff disputes this conclusion. Its president, in his deposition, states that the company relied very heavily on the financial statement and he describes in detail how the company made use of figures in the statement. In addition, he explains that the company relied on the statement because everyone they spoke to at Bainbridge assured them of its accuracy and because it had been certified to be true by the defendant Bushan & Levy. Plaintiff argues that the two letters on which defendant relies show only that its president apprehended possible problems with the financial statement, but that he was never aware of the full nature and extent of the inaccuracies and omissions. It emphasizes that these letters were sent to Bainbridge's creditors in an effort to obtain a moratorium of debts then due and, therefore, were an exaggeration of plaintiff's position.

■ The Court finds that deception and reliance present genuine issues of material fact. Defendant Bushan & Levy has succeeded in showing only that plaintiff had reason to be suspicious of the 1978 financial statement and that plaintiff expressed mistrust of the statement. In a Rule 10b–5 action, however, the fact that plaintiff mistrusted the defendant and the defendant's statements does not necessarily mean that the plaintiff was not deceived and did not rely on those statements.[4]

---

**2.** *Santa Fe Industries, Inc. v. Green*, 430 U.S. 462, 476, 97 S.Ct. 1292, 1302, 51 L.Ed.2d 480 (1977).

**3.** *See List v. Fashion Park, Inc.*, 340 F.2d 457, 462 (2d Cir.), *cert. denied*, 382 U.S. 811, 86 S.Ct. 23, 15 L.Ed.2d 60 (1965). Plaintiff argues that proof of reliance is not required. Under Rule 10b–5, the plaintiff must show that it affirmatively relied upon misrepresentations, *id.*, but it need not prove affirmative reliance upon omissions; it need only show causation in fact. The withholding of a material fact, where there is an obligation to disclose, establishes the element of causation in fact. *Affiliated Ute Citizens v. United States*, 406 U.S. 128, 153–54, 92 S.Ct. 1456, 31 L.Ed.2d 741 (1972); *Shapiro v. Merrill, Lynch, Pierce, Fenner & Smith, Inc.*, 495 F.2d 228, 239 (2d Cir. 1974). When it asserts that proof of reliance is unnecessary, plaintiff is apparently contending that the 1978 financial statement contains omissions and consequently it need only prove causation in fact. Defendant disputes this, arguing that the alleged errors in the financial statement can properly be characterized only as misrepresentations. It is unnecessary to resolve this dispute since the evidence proffered by plaintiff establishes a genuine issue of fact as to reliance as well as causation in fact.

**4.** *See Dupuy v. Dupuy*, 551 F.2d 1005 (5th Cir.) (relied on in *Mallis v. Bankers Trust Co.*, 615 F.2d 68, 78 (2d Cir. 1980), *cert. denied*, 449 U.S.

Whether or not the plaintiff did in fact rely on the statements depends on the grounds for and the extent of its mistrust. Yet the defendant has failed to make a showing as to these factors. By contrast, plaintiff presented evidence suggesting that it had little reason to mistrust the defendant and that in fact it relied on the financial statement. Accordingly, summary judgment on the basis of the elements of deception and reliance is denied.

 Defendant also argues that even if plaintiff did rely on the financial statement, its reliance was unjustified. Defendant argues that plaintiff, being on notice, could have obtained any other material information by "duly diligent inquiry." However, in a Rule 10b–5 action, where the defendant puts the plaintiff's own conduct and behavior at issue with respect to the purchase or sale of securities, due diligence does not encompass concepts of negligence—rather the issue is one of plaintiff's recklessness, and plaintiff's burden is not to establish due care but to negate recklessness.[5] Whatever doubts may have existed previously as to the nature of due diligence, they have been set to rest in our Circuit. Thus it has been held that the issue of plaintiff's own conduct is not whether he acted unreasonably by failing to investigate the condition of the company whose securities are the subject of the transaction, but whether he had

intentionally refused to investigate "in disregard of a risk known to him or so obvious that he must be taken to have been aware of it, and so great as to make it highly probable that harm would follow."[6]

The question of whether the plaintiff acted with the requisite diligence is primarily for the jury to decide.[7] Defendant argues specifically that, although plaintiff was on notice of inaccuracies in the financial statement and of severe financial difficulties at Bainbridge, it never contacted the defendant prior to the purchase to inquire about these matters. Plaintiff's president, however, did visit Bainbridge facilities and, according to his deposition, asked officers of Bainbridge about its books and records and asked to see the company's books but was refused. Based on this evidence, defendant has failed to demonstrate that there is no genuine issue of material fact as to whether plaintiff was reckless in going ahead with the purchase without inquiring further about the veracity of the financial statement.[8]

 Finally, defendant contends that plaintiff has suffered no damage because its purchase contract includes a set-off provision that applies in the event the assets of Bainbridge prove to be worth less than as warranted by the sellers. This contention is also without merit. There is currently an

---

1123, 101 S.Ct. 938, 67 L.Ed.2d 109 (1981)), cert. denied, 434 U.S. 911 (1977). Cf. Fischer v. New York Stock Exch., 408 F.Supp. 745, 754–55 (S.D.N.Y.1976) (defendant informed lenders of firm's net capital violation and of the disarray of the firm's books but omitted firm's history of financial ills and trading restrictions; summary judgment for defendant, on ground that its omission was not material, denied).

5. Mallis v. Bankers Trust Co., 615 F.2d 68, 79 (2d Cir. 1980) (limiting Hirsch v. duPont, 553 F.2d 750 (2d Cir. 1977), to its facts), cert. denied, 449 U.S. 1123, 101 S.Ct. 938, 67 L.Ed.2d 109 (1981).

6. Id. at 78 (quoting Dupuy v. Dupuy, supra, 551 F.2d at 1020).

7. · Dupuy v. Dupuy, supra, 551 F.2d at 1007.

8. Defendant does not argue but asserts in its statement of facts submitted pursuant to Local

Rule 3(g) that it did not possess "scienter" because it did not have actual knowledge of the precise transaction at issue—that is, the purchase of Bainbridge stock by the plaintiff. Such specific knowledge, however, is not a required element of either securities law or common law fraud, and, therefore, does not support defendant's motion. See Ernst & Ernst v. Hochfelder, 425 U.S. 185, 96 S.Ct. 1375, 47 L.Ed.2d 668 (1976); IIT, An Int'l Inv. Trust v. Cornfeld, 619 F.2d 909, 923 (2d Cir. 1980); Rolf v. Blyth, Eastman, Dillon & Co., 570 F.2d 38, 44 (2d Cir.), cert.·denied, 439 U.S. 1039, 99 S.Ct. 642, 58 L.Ed.2d 698 (1978); Lanza v. Drexel & Co., 479 F.2d 1277, 1306 (2d Cir. 1973); Berkowitz v. Baron, 428 F.Supp. 1190, 1196 (S.D. N.Y.1977); American Elec. Power Co. v. Westinghouse Elec. Corp., 418 F.Supp. 435, 450 (S.D.N.Y.1976); Ultramares Corp. v. Touche, 255 N.Y. 170, 179, 174 N.E. 441, 444 (1931).

action against plaintiff in state court for the balance allegedly due under the agreement, and plaintiff paid over $345,000 of the purchase price before exercising its right of set-off. Moreover, plaintiff points out that the set-off provision was not meant to be plaintiff's exclusive remedy.

For these reasons, defendant's motion herein is denied.

So ordered.