Richard B. DANNENBERG, individually and on behalf of others similarly situated, Plaintiff,

v.

Milton B. DORISON, Richard M. Firestone, Male, Bloom, Bodne, Kuperstein & Eisenberg, a Professional Association, Male, Bodne, Kuperstein & Eisenberg, a Professional Association, Lance E. Eisenberg, Stanley H. Kuperstein, Michael H. Male, Michael D. Bodne, Steven W. Simon, Major Management Corporation, Albert H. Wahl, Amity Financial, a Connecticut limited partnership, Amity Financial Corp., Drake Financial, Inc., Columbo Trust, N.V., Columbus Trust Company, Ltd., Leisure Transportation Inc., Alphanumeric Incorporated, Michael Shore, Mitchell Goldstone, Jeffrey Cohan, Defendants.

No. 83 Civ. 4396 (JES).

United States District Court,
S.D. New York.

March 8, 1985.

Barbara A. Lee, New York City, for plaintiff.

Lester Schwab Katz & Dwyer, New York City, for defendants Male, Bloom, Bodne, Kuperstein & Eisenberg, a Professional Association; Male, Bodne, Kuperstein & Eisenberg, a Professional Association, Lance E. Eisenberg, Stanley H. Kuperstein, Michael H. Male, Michael D. Bodne and Steven W. Simon, Steven B. Prystowsky, B. Jennifer Jaffee, Stuart W. Axe, Steven B. Getzoff, New York City, of counsel.

Lawrence Iason, New York City, for defendant Wahl.

Townsend Rabinowitz Pantaleoni & Valente, New York City, for defendants Leisure Transportation, Inc., Alphanumeric Incorporated, Michael Shore, Mitchell Goldstone, Jeffrey Cohan and Drake Financial, Inc.; Francis V. Imbornone, New York City, of counsel.

Rogers Hoge & Hills, New York City, for defendants Dorison, Amity Financial and Amity Financial Corp.; Richard J. Schulman, New York City, of counsel.

## OPINION AND ORDER

SPRIZZO, District Judge:

Plaintiff, Richard B. Dannenberg, sues to recover damages allegedly sustained as a result of his investment in a fraudulent

limited partnership tax shelter, Aquarius Associates ("Aquarius").

The defendants [1] have filed motions to dismiss the amended complaint.[2] Plaintiff has moved for certification that the action may proceed as a class action pursuant to Fed.R.Civ.P. 23. The Court heard oral argument on the motions on January 25, 1985.

## I. FACTS

According to the amended complaint, limited partnership interests in Aquarius were sold pursuant to a private placement offering memorandum dated March 21, 1979, and supplemented May 8 and 18, 1979 ("the Offering Memorandum"). *See* Amended Complaint ¶ 5. The Offering Memorandum was prepared by MBBK & E, along with a tax opinion with respect to the offering. *Id.* at ¶¶ 48, 52. On May 31, 1979, allegedly in reliance on the Offering Memorandum, plaintiff purchased a one-half "unit" of Aquarius for $50,000—$12,500 paid by check and $37,500 paid by way of a recourse note to the order of Drake. *Id.* at ¶ 36. Plaintiff also paid a $500 legal fee to MBBK & E. *Id.*

Plaintiff alleges that the Offering Memorandum was false and misleading because it failed to disclose, *inter alia*, the identities of the "principals and promoters" of Aquarius and how they would profit from Aquarius, and because it represented that

Aquarius would engage in coal mining operations when in fact Aquarius was never intended to actually engage in coal mining or any other business, had no legitimate business purpose, and therefore did not qualify for the tax advantages presented to investors. *E.g., id.* at ¶ 38. He further alleges that his interest in Aquarius is worthless. *Id.* at ¶ 60.

Plaintiff sues for damages pursuant to section 10(b) of the Securities Exchange Act of 1934, 15 U.S.C. § 78j(b), Rule 10b–5, 17 C.F.R. § 240.10b–5, section 17(a) of the Securities Act of 1933, 15 U.S.C. § 77q(a), common law fraud, and the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1961–1968.

## II. DISCUSSION

### A. *Motions to Dismiss*

1. *Claims pursuant to sections 10(b) and 17(a), and common law fraud*

Defendants Leisure, Alphanumeric, Shore, Goldstone, Cohan, Drake, and Wahl move to dismiss the fraud claims for failure to plead fraud with the requisite particularity as required by Fed.R.Civ.P. 9(b). These same defendants, along with the attorney defendants MBBK & E, MBK & E, Eisenberg, Kuperstein, Male, Bodne, and Simon, also move to dismiss pursuant to

---

**1.** Defendants are the alleged promoters of Aquarius, Milton B. Dorison and Richard M. Firestone, the general partner of Aquarius, Leisure Transportation Inc. ("Leisure"), Leisure's parent Alphanumeric Inc. ("Alphanumeric"), Michael Shore, Mitchell Goldstone, and Jeffrey Cohan, officers and directors of Alphanumeric and Leisure, Amity Financial Corp. ("Amity Corp."), a Delaware corporation which subleased coal mining property to Aquarius, Amity Financial, a Connecticut limited partnership of which Amity Corp. is general partner, Major Management Corp., a broker/dealer and underwriter of the offering of Aquarius limited partnership interests, Albert H. Wahl, president and controlling shareholder of Major Management Corp., Drake Financial, Inc. ("Drake"), a Florida corporation which allegedly loaned plaintiff the funds to purchase his Aquarius interests, Columbo Trust, N.V., a Netherland Antilles corpora-

tion and parent of Drake, Columbus Trust Company, Ltd., a Bahamian corporation and parent of Columbo Trust, N.V., Male, Bloom, Bodne, Kuperstein & Eisenberg ("MBBK & E"), a law firm, Male, Bodne, Kuperstein & Eisenberg ("MBK & E"), successor law firm to MBBK & E, Lance E. Eisenberg, Stanley H. Kuperstein, Michael H. Male, and Michael D. Bodne, partners of the MBBK & E firm, and Steven W. Simon, an associate of the law firm.

Defendants Firestone, Major Management Corp., Columbo Trust, N.V., and Columbus Trust Co., Ltd. have all defaulted.

**2.** While the law firm defendants filed their motions pursuant to Fed.R.Civ.P. 12(b)(6) and 56, the Court has not considered any materials outside the amended complaint, and therefore treats this as a motion to dismiss, and not as a motion for summary judgment.

Fed.R.Civ.P. 12(b)(6) for failure to plead scienter.[3]

■■■ To satisfy Rule 9(b) plaintiff must plead facts from which the Court may reasonably infer fraud as to each defendant. *See, e.g., Decker v. Massey-Ferguson, Ltd.,* 681 F.2d 111, 115 (2d Cir.1982), *citing Ernst & Ernst v. Hochfelder,* 425 U.S. 185, 192 n. 7, 96 S.Ct. 1375, 1380 n. 7, 47 L.Ed.2d 668 (1976); *Crystal v. Foy,* 562 F.Supp. 422, 424–25 (S.D.N.Y.1983). Tested by these principles the amended complaint is clearly insufficient with respect to the outsider defendants Drake, Wahl, and the attorney defendants.

While plaintiff alleges that Dorison and Firestone, the alleged insiders, promoted about fifty fraudulent tax shelters, no facts are pleaded from which the Court may infer that the outsider defendants knew or deliberately avoided knowing that Aquarius or any of these other tax shelters were fraudulent. Merely multiplying the number of transactions in which a defendant allegedly participated, either by preparing a tax opinion or providing financing or underwriting services, without pleading facts that would permit an inference of knowledge that any one of these other transactions was fraudulent, does not satisfy the requirement of Rule 9(b). *See, e.g., Decker, supra,* 681 F.2d at 114; *Crystal, supra,* 562 F.Supp. at 424. Yet that is all that is alleged against these defendants. *See, e.g.,* Amended Complaint ¶¶ 48, 51, 52, 67.

Moreover, plaintiff has not alleged any factual basis upon which the Court could properly infer that these outside defendants owed any fiduciary duty to plaintiff, which would render recklessness a sufficient predicate for an allegation of fraud.[4] *See, e.g., ITT, An International Investment Trust v. Cornfeld,* 619 F.2d 909, 923–25 (2d Cir.1980); *Edwards & Hanly v. Wells Fargo Securities Clearance Corp.,* 602 F.2d 478, 484–85 (2d Cir.1979), *cert. denied,* 444 U.S. 1045, 100 S.Ct. 734, 62 L.Ed.2d 731 (1980); *Cf. Rolf v. Blyth, Eastman Dillon & Co.,* 570 F.2d 38, 44 (2d Cir.), *cert. denied,* 439 U.S. 1039, 99 S.Ct. 642, 58 L.Ed.2d 698 (1978). Therefore, plaintiff's first, second, and fourth claims are dismissed as to these defendants, without prejudice to repleading if during the course of discovery plaintiff acquires sufficient facts against any of them upon which a charge of fraud may properly be predicated.

■■■ The situation is different as to defendant Leisure, general partner of Aquarius, defendant Alphanumeric, the controlling person of Leisure, and defendants Shore, Goldstone, and Cohan, who are all insiders of Aquarius. As to these defendants, the Court may reasonably infer, based on their inside knowledge of and participation in the business of Aquarius, that they were aware of the fraudulent nature of the transactions in which Aquarius was involved. *Cf. Goldman v. G.C. Belden, Jr.,* 754 F.2d 1059, 1070 (2d Cir. 1985). Their motions to dismiss plaintiff's fraud claims are therefore denied.[5]

**3.** Plaintiff sues defendants MBBK & E, Eisenberg, Kuperstein, Male, Bodne, Leisure, Alphanumeric, Shore, Goldstein, and Wahl as principal violators of sections 10(b) and 17(a)(1), and Rule 10b–5. Leisure, Alphanumeric, Shore, and Goldstone are also sued as aiders and abettors, along with MBK & E, Simon, Drake, and Cohan.

**4.** The Court notes that while the amended complaint describes Wahl as a broker/dealer, plaintiff does not allege that Wahl was his broker.

**5.** Defendants Amity and Amity Corp., who are sued as aiders and abettors only, did not file motions to dismiss; however at oral argument their attorney indicated they might want to do so. The amended complaint alleges, *inter alia,* that Amity, through its general partner Amity

Corp., subleased coal mining property to Aquarius for a minimum annual royalty of $2,012,573, without disclosing to investors that Amity Corp. leased that property for only $1,150 per year. *See* Amended Complaint ¶¶ (a)–(b), 73. This allegation may well provide a sufficient factual basis for inferring aiding and abetting as to the Amity defendants. Therefore, any Rule 9(b) motion by the Amity defendants would in all likelihood be denied.

A number of other motions by defendants may be dealt with summarily. The attorney defendants move to dismiss pursuant to Rule 12(b)(6) for failure to allege reliance and due diligence by plaintiff. These motions clearly lack merit. Reliance is alleged in paragraph 36 of the amended complaint, and the Second Circuit has

### 2. *Motion to Strike*

Defendant Dorison moves pursuant to Fed.R.Civ.P. 12(f) to strike certain allegations of the amended complaint pertaining to other actions and proceedings, arguing they are irrelevant, prejudicial and will unfairly broaden the scope of discovery.

█ Because the Court finds that these allegations, if true, might be relevant with respect to whether or not Dorison acted fraudulently with respect to Aquarius, the motion to strike is denied. Any problems arising in connection with the scope of discovery as a consequence of the inclusion of these allegations may be presented to and dealt with by the Court at the appropriate time.

### 3. *Motions to Dismiss the RICO Claims*

The fifth and sixth claims of the amended complaint allege violations of the civil provisions of RICO. As discussed at oral argument, because the Supreme Court has agreed to review the Second Circuit's decision in *Sedima, S.P.R.L. v. Imrex Company,* 741 F.2d 482 (2d Cir.1984), *cert. granted,* —— U.S. ——, 105 S.Ct. 901, 83 L.Ed.2d 917 (1985), the Court will not consider the motions to dismiss the RICO claims at this time. The parties shall submit a Stipulation and Order within ten (10) days of the date of this Opinion and Order either (i) severing and suspensing the RICO claims pending the Supreme Court's ruling in *Sedima,* or (ii) dismissing the RICO claims without prejudice to reinstating them

---

made it clear that plaintiff is not required to plead his own due diligence, *see, e.g., Mallis v. Bankers Trust,* 615 F.2d 68, 79 (2d Cir.1980), *cert. denied,* 449 U.S. 1123, 101 S.Ct. 938, 67 L.Ed.2d 109 (1981); *see also Johnson & Staley, Inc. v. Bushan & Levy, P.C.,* 527 F.Supp. 1159, 1162 (S.D.N.Y.1981).

The general partner defendants and Wahl also move to dismiss the claims brought pursuant to section 17(a) on the ground that there is no private right of action under that statute. The Second Circuit has held that a private right of action for fraud does exist under section 17(a). *See, e.g., Kirshner v. United States,* 603 F.2d 234, 241 (2d Cir.1978), *cert. denied,* 442 U.S. 909, 99 S.Ct. 2821, 61 L.Ed.2d 274; 444 U.S. 995, 100 S.Ct. 531, 62 L.Ed.2d 426 (1979). Until the Second Circuit holds differently, this Court declines defendants' invitation to reconsider the *Kirshner* holding in light of subsequent Supreme Court cases.

In any event, the Court does not agree that the *Kirshner* ruling should be extended to allow private actions for negligence pursuant to section 17(a) based upon the Supreme Court holding in *SEC v. Aaron,* 446 U.S. 680, 100 S.Ct. 1945, 64 L.Ed.2d 611 (1980), which held that in an SEC enforcement action negligence was sufficient to state a claim under section 17(a)(2) and (3). There is a substantial policy distinction between a private action for damages and an enforcement action brought by an agency charged with securing compliance with the securities laws.

Moreover, the Second Circuit's holding in *Kirshner* was based on its conclusion that since a private right of action for fraud already existed under section 10(b), it would be pointless to

deny a remedy for the same conduct pursuant to section 17(a). *See* 603 F.2d at 241. This reasoning does not support implying a private right of action for negligent conduct. Indeed, it is implicit in *Ernst & Ernst v. Hochfelder,* 425 U.S. 185, 96 S.Ct. 1375, 47 L.Ed.2d 668 (1976), that something more than negligence is required for an implied private action for damages which is not subject to the "significant procedural restrictions" which apply to civil actions for negligence expressly created by the securities laws. *Id.* at 208–10, 96 S.Ct. at 1388–89. Therefore, this Court finds no basis for implying a private right of action pursuant to section 17(a)(2) and (3) for negligent conduct. Plaintiff's negligence claim is therefore dismissed.

To avoid any prejudice to plaintiff resulting from the dismissal of the negligence claim, the Court will grant plaintiff's request that the dismissal be without prejudice to reinstating that claim should the Second Circuit hold prior to the conclusion of this action that a private action for negligence exists pursuant to section 17(a)(2) or (a)(3). If the claim is reinstated, the Court will consider defendants' argument that the negligence action was barred at the time the complaint was filed. Defendant's motion to dismiss the negligence claim based on the statute of limitations is therefore denied without prejudice to it being renewed. The Court will not, however, dismiss the negligence claim at this stage of the litigation in the absence of an agreement by defendants to a tolling of the statute of limitations for the period between the filing of this complaint and such a ruling by the Second Circuit or the conclusion of this action, whichever shall first occur.

should that be appropriate in light of the Supreme Court's ruling in *Sedima*, assuming of course that defendants agree to a tolling of the statute of limitations from the time of the filing of the complaint until the Supreme Court rules on this issue.

### B. *Motions for Class Certification*

■ Plaintiff moves pursuant to Fed.R. Civ.P. 23 to have this action certified as a class action and to have plaintiff certified as class representative. Plaintiff defines the proposed class as all persons who purchased limited partnership interests in Aquarius pursuant to the Offering Memorandum, with the exception of any defendants herein.

In order to qualify for class action status, the Court must find that (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the proposed class representative are typical of the claims or defenses of the class, (4) the proposed representative will fairly and adequately protect the interests of the class, (5) common questions of law or fact predominate over individual questions, and (6) a class action is superior to other available methods for the fair and efficient adjudication of the controversy. Fed.R.Civ.P. 23(a) & (b)(3).

Defendants contend that the proposed class fails to satisfy the numerosity requirements of Rule 23(a)(1). Plaintiff concedes that the maximum possible number of class members in the instant action is thirty-three. In fact, it appears that the actual number may be significantly lower.[6] Thus, this is clearly a case in which the numerosity requirements of the Rule are, at best, marginally met. *But see Meyer v.*

*Stevenson, Bishop, McCredie, Inc.,* [1975–76] Fed.Sec.L.Rep. (CCH) ¶ 95,548 (S.D. N.Y. May 11, 1976).

Plaintiff, however, argues that some courts have stressed that mere numbers should not be dispositive, citing *DeMarco v. Edens,* 390 F.2d 836, 845 (2d Cir.1968). However, *DeMarco* involved precisely the reverse of the facts presented here. In that case, the Second Circuit stressed that merely because the numerosity requirements of the Rule were met, it did not follow that the Court should necessarily certify a class action. That case does not stand for the proposition that where the numerosity requirements of the Rule are at best marginally complied with, the Court should certify the class for other reasons.

Nor is the Court persuaded by other cases cited by plaintiff where courts have certified relatively small classes because of the impracticability of joining all class members in one action because they lived in widely dispersed geographic locations. Rule 23(a)(1) by its terms requires that the *number* of potential class members make joinder impracticable, and that is clearly not the case here.

Furthermore, the Court is not convinced that a class action is the most efficient means in which to resolve this case. Since it appears that all of the potential defendants have been sued in this action, any common questions of law or fact determined adversely to these defendants will in all likelihood have collateral estoppel effect against them in any subsequent action brought by another purported class member. Therefore, it is not clear that a class action is necessary to avoid multiple litigation of the same claims.

---

**6.** While there is some disagreement regarding the exact number, it appears that thirty-five persons purchased limited partnership interests in Aquarius. Two of these purchasers, however, are defendants in this action, and plaintiff specifically excludes them from the class. *See* Amended Complaint ¶ 6(a). Four of the thirty-three apparently are two married couples who each made a joint purchase. *See* Plaintiff's Reply Memorandum of Law in Support of Motion for Class Action Determination at 5–6. Furthermore, three Aquarius limited partners have instituted their own action for recission in federal

district court in Maryland. *See id.* at 6; Affidavit of Richard J. Schulman ¶ 60 (Nov. 29, 1983). It is reasonable to assume these defendants will opt out of a class action seeking damages. *Cf.* Affidavit of Francis L. Valente (Dec. 2, 1983). Finally, some of the potential class members are contesting an Internal Revenue Service determination that their investments in Aquarius are not a basis for valid tax deductions. *See, e.g.,* Affidavit of Mitchell Goldstone (Dec. 2, 1983). These purchasers, too, might chose to opt out of this action in which plaintiff will be attempting to prove that Aquarius was, in fact, a sham.

Defendants also argue that a class action should not be certified because plaintiff's interests are inconsistent with those of other class members. *See Green v. Santa Fe Industries*, 82 F.R.D. 688, 690 (S.D.N.Y. 1979). They argue that to succeed in this action plaintiff must argue and prove that Aquarius was a sham, whereas as noted *supra* at note 6, other class members are contesting the Internal Revenue Service's determination that the limited partnership lacked a valid business purpose. In fact, a number have requested the assistance of Leisure in this effort. *See* Affidavit of Michael Goldstone (Dec. 2, 1983). Given this additional factor, the Court sees no reason why it should certify a class in this case. The motion for class action certification is therefore denied.

In view of the denial of plaintiff's class action motion for the reasons set forth above, the Court need not address the question of whether plaintiff's counsel can adequately represent the class because she may lack the office and secretarial resources necessary to efficiently and thoroughly manage a class action.

## CONCLUSION

For the reasons set forth in this Opinion and Order, it is hereby

ORDERED that:

1. The motions to dismiss the Amended Complaint as to defendants Drake, Wahl, MBBK & E, MBK & E, Eisenberg, Kuperstein, Male, Bodne, and Simon are granted, without prejudice;

2. The motions to dismiss the Amended Complaint as to defendants Leisure, Alphanumeric, Shore, Goldstone, and Cohan are denied;

3. Defendant Dorison's motion to strike is denied without prejudice;

4. The parties shall submit a Stipulation and Order within ten (10) days of the date hereof, disposing of the third, fifth and sixth claims of the Amended Complaint, in accordance with this Opinion; and

5. Plaintiff's motion for class action certification is denied.

It is further ORDERED that:

6. All parties shall complete discovery on or before October 30, 1985;

7. A Pre-Trial Order shall be prepared in accordance with the Court's directions and shall be filed on or before December 16, 1985;

8. If the Pre-Trial Order is not filed on the date hereinbefore set forth, the Court will entertain appropriate applications to dismiss;

9. All parties shall be ready for trial of the above-captioned action on January 2, 1986, and thereafter counsel for all parties shall be prepared to proceed to trial on twenty-four hours notice by the Court; and

10. A Pre-Trial Conference shall be held on November 1, 1985 at 10:00 a.m.

It is SO ORDERED.