**Stanley B. BLOCK, on Behalf of Himself and all Others Similarly Situated, Plaintiff,**

v.

**FIRST BLOOD ASSOCIATES; A. Frederick Greenberg; Richard M. Greenberg; Anabasis Investments, N.V.; Mario P. Kassar; Andrew G. Vajna; and Carolco Pictures, Inc., Defendants.**

No. 86 Civ. 8811 (RWS).

United States District Court, S.D. New York.

March 16, 1989.

As Amended March 24, 1989.

**40**

Rabin & Sirota, New York City, for plaintiff (I. Stephen Rabin, of counsel).

Paul, Weiss, Rifkind, Wharton & Garrison, New York City, (Clifford Peterson, of counsel), Oberstein, Doniger & Fetter, Los Angeles, Cal., for defendants, Carolco Pictures, Inc., Anabasis Investments, N.V., Mario Kassar and Andrew Vajna (Henry D. Fetter, of counsel).

Kaye, Scholer, Fierman, Hays & Handler, New York City, for defendants, First Blood and Frederick Greenberg (John Chapman, of counsel).

## OPINION

SWEET, District Judge.

Plaintiff Stanley B. Block ("Block") has renewed his motion to certify this action as a class action pursuant to Fed.R.Civ.P. 23(a) and (b)(3). The motion was argued and considered fully submitted December 2, 1988. For the reasons set forth below, the motion is denied.

*Prior Proceedings and Facts*

Block is a limited partner of First Blood Associates ("First Blood" or the "Partnership"). The prior proceedings and background facts of this case are set forth in this court's opinion dated July 6, 1988 (the "July Opinion"), *Block v. First Blood*, 691 F.Supp. 685 (S.D.N.Y.1988), familiarity with which is assumed. The July opinion granted the motion of two defendants, Andrew G. Vajna and Mario P. Kassar, to dismiss the complaint against them for lack of jurisdiction, denied summary judgment on behalf of defendants in a related case, *Carolco Pictures Inc. v. Sirota, et al.*, 700 F.Supp. 169 (S.D.N.Y.1988) and denied

Block's motion for class certification with leave to renew if Block could establish "that a meaningful number of limited partners have expressed an identity of interest in the *Block* action." 691 F.Supp. at 695–96.

Following the July opinion, Block's counsel wrote to those persons who appeared on First Blood's list of limited partners annexed to First Blood's Certificate of Limited Partnership dated October 21, 1982. Block's letter, which was mailed on or about August 15, 1988, set forth the allegations of the complaint and the status of the action, informed the limited partners that they were being contacted to ascertain their interest in being part of the proposed class, and requested that they sign and return to Block's counsel a form that was enclosed with the letter expressing their interest in being part of the proposed class.

Nearly twenty copies of the letter were returned by the post office as undeliverable. Accordingly, by motion made on September 15, 1988, Block requested that the court order the defendants to provide a current list of the names and addresses of First Blood's limited partners. Following receipt of the current list, the letter was remailed to the individuals included thereon.

In response to the letter, twenty-four individuals signed and returned to Block's counsel a statement expressing their interest in the *Block* action. The aggregate dollar amount of the investments of those individual partners is $2,050,000.

In addition to the letter sent by Block's counsel, defendants A. Frederick Greenberg and Richard M. Greenberg (the "Greenbergs"), general partners of the Partnership, sent two letters, dated August 5, 1988 and August 30, 1988, to the limited partners. Among other things, the August 5 letter stated that Block's allegations would "undermine our position in the current negotiations with the IRS," "jeopardize many millions of dollars in tax deductions" taken by the partners and subject the partners "to substantial IRS penalties and fines." The August 30 letter stated that "Block's claims regarding the IRS are

flatly false and at odds with all of our interests, which are to preserve the tax deductions."

*Requirements for Class Certification*

Rule 23(a) of the Federal Rules of Civil Procedure provides that a class action suit may be brought only if:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

In addition, under Rule 23(b)(3), it must be shown "that the questions of law or fact common to the members of the class predominate over any questions affecting any individual members."

■ In the July Opinion, this court expressed its concern that an interest on the part of some of the limited partners in preserving their tax deduction conflicted with Block's litigation posture, and that as a result, there might not be "a meaningful number of limited partners" who share "an identity of interest in the *Block* action." 691 F.Supp. at 695–96. Block has failed to prove the existence of the necessary identity of interests. His basic contentions are that the First Blood defendants misrepresented the nature of the rights in the film that the Partnership purchased, and that the Partnership lacked a proper profit motive for its transaction. However, this is the very position against which the Partnership and the limited partners have filed a formal protest in Tax Court in an effort to preserve their tax deductions.

Beginning in 1987, virtually all of the limited partners executed powers of attorney appointing the Partnership's counsel to proceed as their attorneys-in-fact and to represent them before the IRS in connection with the proceedings involving the Partnership in which the IRS is challenging deductions and credits claimed by the Partnership. In that capacity, the Partnership's counsel has filed formal tax protests for the taxable year 1982 and preceding years on behalf of several of the individual investors, and has prepared forms of protest for the signatures of many of the individuals who elected to proceed with their own counsel. The Partnership's counsel has also filed petitions in the Tax Court on behalf of several limited partners. Further, on October 26, 1988, the partnership filed a protest on behalf of all the limited partners for the taxable years 1983 and 1984. In that protest, the Partnership has taken issue with the determination of an IRS agent operating out of a regional office that the Partnership's activities were not engaged in for profit and his determination that the Partnership's activity constitutes a tax motivated transaction.[1]

The position Block is taking in this lawsuit regarding ownership of the film "First Blood" is contrary to the position the Partnership is taking before the IRS. There, the Partnership is arguing that "the Partnership was formed to acquire and exploit for profit the motion picture "First Blood," "that the Partnership purchased the film from Anabasis with the intent of realizing an economic profit," and that its "objective throughout has been to realize an economic profit without regard to tax benefits." By contrast, Block is attempting to prove the Partnership's lack of a profit motive, which would cause the IRS to disallow tax deductions. These contrary positions place Block and his interests at odds with many of the limited partners and their interests, and is a ground for denying class certification. *See Mechigian v. Art Capital Corp.*, 612 F.Supp. 1421, 1433–34 (S.D.N.Y.1985) (denying class status because, among other reasons, "plaintiff's position regarding the tax consequences resulting to all members of the proposed class ... is almost certainly antagonistic to the general position of

---

1. The IRS as an institution has taken no position with respect to the Partnership and will take no position until the appeals process has been completed. In many cases, recommendations of IRS agents are modified or reversed by their superiors in the appeals process, and, even if the IRS eventually concludes that any deduction should be disallowed, that determination would be subject to review by the courts and would become final only if the courts sustain it.

the class"); *Dannenberg v. Dorison*, 603 F.Supp. 1238, 1244, n. 6 (S.D.N.Y.1985) (denying class status because, among other reasons, "some of the potential class members are contesting an Internal Revenue Service determination that their investments ... are not a basis for valid tax deductions.... These purchasers, too, might choose to opt out of this action in which plaintiff will be attempting to prove that [the investment] was, in fact, a sham").

Even the twenty-four limited partners who replied positively to Block's solicitation letters have not necessarily expressed an "identity of interest" with Block. The sheet which they signed states: "I hereby express my interest in being part of the class of limited partners of First Blood Associates who will share in any recovery" in this action, and adds "I understand also that I might change. my mind at a later date." These letters, drafted by Block's counsel, arguably do not evince the required "identity of interest," but rather indicate interest in an opportunity to obtain a recovery without risk or commitment.

To have a proper class action, the class representatives' interests "must be wholly compatible with and not antagonistic to those whom he would represent." Furthermore, "antagonism may be implied from action of the class members that is inconsistent with their purported representatives' position...." 3B Moore's Federal Practice, ¶ 23.07[3] at 23–212; 23–215.

The record in this case discloses such antagonism. Most of the limited partners have joined in defending the tax deductions that Block's litigation strategy necessarily challenges as improper. This conduct by the limited partners, including those limited partners who responded to Block's solicitation letter, negates any conclusion that their response to Block's letter amounted to an expression of "identity of interest" with his position that the tax deductions were not legitimate. *See Dannenberg*, 603 F.Supp. at 1244. Because Block has failed to eliminate the conflict inherent in his tax position in this case and the limited partners' position before the IRS, and because,

after soliciting limited partners, Block has failed to establish an identity of interest, his renewed motion for class certification is denied.

*Numerosity and Joinder*

■ In addition to Block's failure to show an identity of interest among a meaningful number of limited partners, Block has failed to meet Rule 23(a)(1), Fed.R.Civ. P.'s requirement that "the class is so numerous that joinder of all members is impracticable." Only twenty-four of fifty-seven potential class members have expressed interest in Block's lawsuit, and, as indicated, the extent of their interest is unclear. There is authority in this circuit for refusing to certify a class with more than twenty-four members. *See, e.g., Elliott Associates v. J. Henry Schroder Bank & Trust Co.*, 655 F.Supp. 1281, 1285 (S.D.N.Y.1987), *aff'd*, 838 F.2d 66 (2d Cir. 1988) (refusing to certify putative class of 47); *Ewh v. Monarch Wine Co.*, 73 F.R.D. 131, 133 (E.D.N.Y.1977) (refusing to certify putative class of "between 34 and 50 members"); *Moscarelli v. Stamm*, 288 F.Supp. 453, 463 (E.D.N.Y.1968) (refusing to certify putative class of at least 25 since "[j]oinder has been held preferable where the number of prospective members lies between 30 and 40.").

As discussed in the July Opinion, Block has cited *Riordan v. Smith Barney*, 113 F.R.D. 60, 62 (N.D.Ill.1986), in which the district court for the Northern District of Illinois held that twenty-nine purchasers of limited partnership interests satisfied the numerosity requirement. However, only twenty-four potential class members have expressed interest in joining this class action, and, as seen, there is precedent in this circuit refusing to certify classes of this size.

Moreover, although *Riordan* cites geographical dispersion of potential class members as a factor in determining practicality of joinder, such dispersion is not enough to meet Rule 23(a)'s requirement. *See, e.g., Dannenberg*, 603 F.Supp. at 1244 (the court was not persuaded by cases in which courts certified small classes based on the impracticality of joining all class members

who lived in dispersed geographic locations, for "[r]ule 23(a)(1) by its terms requires that the *number* of potential class members make joinder impracticable...").

The putative class members in this action are easily identifiable and have the financial resources and stake in the partnership which would make joinder practicable. As stated in the July Opinion, "at most, this action involves only 57 easily identifiable limited partners. In addition, no limited partner invested less than $50,000 and some invested as much as $400,000. Each limited partner was required to demonstrate substantial net worth to be eligible for the investment." 691 F.Supp. at 695. Furthermore, "the solicitation to join Block as plaintiff demonstrates that the names and addresses of each of the limited partners were known prior to the commencement of this action and that it was practicable to communicate personally with each limited partner and to arrange for his or her joinder." *Id.* Thus, joinder is not impracticable. *See Spectrum Financial Cos. v. Marconsult, Inc.,* 608 F.2d 377, 382 (9th Cir.1979), *cert. denied,* 446 U.S. 936, 100 S.Ct. 2153, 64 L.Ed.2d 788 (1980) (fifty-six out of ninety-two limited partners elected to join a lawsuit involving an alleged securities fraud in connection with a limited partnership offering, but the Ninth Circuit refused to certify the class because the forty percent who failed to join in the second lawsuit may have indicated that "members of the class did not wish to pursue their claims, despite the fact that it would cost them nothing." Joinder was deemed practicable, given that the named plaintiff was able to reach all ninety-two limited partners).

By failing to respond to Block's solicitations, sixty percent of the eligible class members have indicated their lack of interest in pursuing this case. Only forty percent have indicated an interest even in sharing the fruits of this lawsuit. Under these circumstances, a class of twenty-four does not satisfy Rule 23's numerosity requirement.

*Conclusion*

For the reasons set forth above, Block's renewed motion for class certification is denied.

It is so ordered.