[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: PLAINTIFFS' MOTION FOR CLASS CERTIFICATION (#116)
This action arises our of investments made in a Connecticut limited partnership known as Northeast (I) Innkeepers Limited Partnership ("Northeast"), which limited partnership was a 99% limited partner of three additional limited partnerships ("Additional Partnerships"). The named plaintiffs, Donald Wood-Smith and Phillip Casson, are investors in and limited partners of Northeast. They bring this action individually, derivatively, and as representatives on behalf of all the limited partners of Northeast and the additional partnerships similarly situated. The defendants are two law firms, a partner in one of those law firms, and Barclays Bank of New York. The complaint alleges violations by the defendants of the Rules of Professional Conduct, the Connecticut Unfair Trade Practices Act, and the common law of negligence and conspiracy with the intent to defraud. The defendants are alleged to be responsible, inter alia, for the creation of the partnerships and mortgage financing of properties purchased by the three additional partnerships.
Plaintiffs received a "Private Placement Memorandum" CT Page 3722 offering twenty-five limited partnership units of $99,000 each to raise $2,475,000 for the purpose of obtaining an interest in a limited partnership which would acquire and indirectly own three Super 8 motels. They, along with thirty-seven other persons (two of whom are defendants in this action), became limited partners of Northeast. Plaintiff Wood-Smith invested $49,500 and plaintiff Casson invested $99,000. Of the thirty-nine limited partners, sixteen are Connecticut residents, eight are New York residents, four reside in New Jersey, three reside in Massachusetts, two are residents of Virginia, and Arizona, Illinois, Missouri, New Mexico, The District of Columbia and Switzerland each account for one limited partner. The plaintiffs are now moving to have the limited partners of Northeast certified as a class pursuant to Practice Book 86 et seq.
Conn. Practice Book 87 provides that:
 One or more members of a class may sue or be sued as representative parties on behalf of all only if (1) class is so numerous that joinder of the members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.
Conn. Practice Book 88 provides that:
 An action may be maintained as a class action if the prerequisites of Sec. 87 are satisfied and the court finds that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy.
Because these rules are so similar to Rule 23 of the Federal Rules of Civil Procedure, the court may refer to federal precedents in deciding whether to certify the case as a class action. Governors Grove Condominium Assn., Inc. v. Hill Development Corp., 35 Conn. Sup. 199, 200 (Super.Ct. 1979). The court has discretion in determining the appropriateness of a class action, and the requirements of 87 are to be liberally construed. Campbell v. New Milford Board of Education, 36 Conn. Sup. 357,360 (Super.Ct. 1980). In addition, the plaintiffs have the burden of establishing that the prerequisites to a class action have been satisfied. Id.
In this case, because the plaintiffs have failed to meet CT Page 3723 the "numerosity" requirement of 87, the other prerequisites need not be addressed by the court.
The first prerequisite plaintiffs must satisfy is the "numerosity" requirement contained in Practice Bk. 87(1). This section require that the proposed close be so numerous that joinder is impracticable. "Impracticability does not mean impossibility, but only that the joinder of all members of the class would be difficult or inconvenient." Jackson v. Rapps,132 F.R.D. 226, 230 (W.D. Mo. 1990). When the putative class is small, factors other than numbers alone may be significant. Riordan v. Smith Barney, 113 F.R.D. 60, 62 (N.D. Ill. 1986). Other factors considered by the courts include judicial economy and the ability of class members to institute suits individually, see Patrykus v. Gomilla, 121 Conn. F.R.D. 357, 361 (N.D. Ill. 1988); geographical dispersion of class members, e.g. Riordan v. Smith Barney, 113 F.R.D. 60, 62 (N.D. Ill. 1986); Ewh v. Monarch Wine Company, Inc., 73 F.R.D. 131 (E.D.N.Y. 1977); see also SPG Investment Associates, 691 F. Sup. 685 (S.D.N.Y. 1988); see also Investment Association v. Berry Petroleum, [1987-88 Transfer Binder] Fed. Sec. L. Rep. (CCH) 93, 657 (D.Mn. December 30, 1987).
On Riordan, cited previously, the court certified a class of investors consisting of twenty-nine persons from nine different states, finding the geographical dispersion sufficient "to justify a finding that joinder is impracticable in a securities case like this one." Iiordan, 113 F.R.D. at 62. However, in Block v. First Blood Associates, 125 F.R.D. 39, 42
(S.D.N.Y. 1989) the court stated ". . . although Riordan cites geographical dispersion of potential class members as a factor in determining practicability of joinder, such dispersion is not enough to meet Rule 23(a)'s arequirement." In Dannenberg v. Dorison, 603 F. Sup. 1238 (S.D.N.Y. 1985), the court indicated a reluctance to follow the cases using geographical dispersion as a basis for finding the numerosity requirement satisfied, stating "Rule 23(a)(1) by its terms requires that the number of potential class members make joinder impracticable." In Dannenberg, the purported class of investors numbered at most thirty-three, and the plaintiff's investment in the limited partnership was $50,000. The court denied class certification. Id. The court in SPG Investment Association v. Berry Petroleum, [1987-88 Transfer Binder] Fed. Sec. L. Rep. (CCH) 93, 657 (D. Mn. December 30, 1987), denied class certification to a class of investors composed of forty persons, each of whom had invested between $12,000 and $150,000. Its analysis of the numerosity requirement included assessments of the number of persons in the proposed class, the size of each claim, the nature of the action, and the inconvenience of trying individual law suits. Id. Quoting McMerly v. Burtness, 72 F.R.D. 450, 453 (D. Minn. 1976), the SPG CT Page 3724 court stated `This case does not present the situation in which the small magnitude of each claim relative to the high cost of individual litigation makes a class action the only effective mechanism for seeking redress." Id.
Spectrum Financial Companies v. Marconsult, Inc., 608 F.2d 377
(9th Cir. 1979), cert denied 446 U.S. 936, 100 S.Ct. 2153,64 L.Ed.2d 788 (1980), involved a suit by ninety-two limited partners. Class certification was denied, after which the plaintiff was unable to contact all ninety-two limited partners, fifty-six of whom joined in a second law suit. 608 F.2d at 382. Joinder of ninety-two limited partners was deemed practicable. Id.; see also Block v. First Blood Association,691 F. Supp. at 695
("Spectrum illustrates that joinder may be practicable if it is is possible to reach and communicate with each putative class member.") Further, where the number of prospective class members is between thirty and forty, joinder has been held to be preferable. Ewh v. Monarch Wine Company, Inc., 73 F.R.D. 131,133 (E.D.N.Y. 1977) (citing Moscarelli v. Stamm, 288 F. Sup. 453,463 (E.D.N.Y. 1968)). In Ewh, a proposed class of between 35 and 50 was denied certification. Additionally, "[i]n dealing with the issue of numerosity, we deal with it not in absolute numbers, but in the relationship of the numbers to their economic interests and all of the other circumstances peculiar to this case." Elliott Assoc. v. J. Henry Schroder Bank Trust,655 F. Sup. 1281 (S.D.N.Y. 1987). (certification of class of forty-seven record holders denied).
It is the opinion of the court that in the case at bar, the circumstances do not warrant the certification of the suit as a class action. The purported class consists of thirty-seven limited partners (two of the thirty-nine limited partners of Northeast are defendants in this action, and thus are not included in the class). Although there is some geographical dispersion, twenty-six of the thirty-seven are from the tri-state area (Connecticut, New York, New Jersey) and another five are from Massachusetts or Virginia. Significantly, it is found, the investment of each limited partner in Northeast is substantial enough to warrant individual actions to vindicate any claims of the investors. Further, plaintiff has not shown that joinder would be impracticable. Therefore, the court finds that plaintiff has failed to satisfy the requirement of Practice Bk. 87 that the class be so numerous that joinder is impracticable. "Consideration of numerosity requirement alone is sufficient to establish that class certification should be denied." Ewh v. Monarch Wine Co., 73 F.R.D. 131, 132 (E.D.N.Y. 1977). The motion to certify is denied.
JOHN J.P. RYAN, JUDGE CT Page 3725