See also, D.C., 62 F.R.D. 118.

Susan **BISGEIER** and Stephen J. Bisgeier, on behalf of themselves and all others similarly situated, Plaintiffs,

v.

**FOTOMAT CORPORATION** et al., Defendants.

No. 71 C 1319.

United States District Court, N. D. Illinois, E. D.

Nov. 21, 1972.

**114**

R. Dickey Hamilton and Robert Plotkin, Chicago, Ill., for plaintiffs.

George Brode, Jr., Winston & Strawn, Chicago, Ill., John H. L'Estrange, Jr., and James O. Sullivan, Sullivan, Jones & Archer, San Diego, Cal., for defendants Fotomat Corp., Clifford C. Graham, Ray W. Ehlers, Jerald A. Bollinger, Preston M. Fleet, Don Augustine, Robert E. Andreen and Richard D. Irwin.

Mitchell S. Rieger, Allan Horwich, Schiff, Hardin & Waite, Chicago, Ill., for underwriter defendants.

Hamilton Smith, McDermott, Will & Emery, Chicago, Ill., for defendant Heizer Corp.

N. A. Giambalvo, Boodell, Sears, Sugrue & Crowley, Chicago, Ill., for defendant Bache & Co.

Charles W. Boand, George W. Thompson, Wilson & McIlvaine, Chicago, Ill., William M. Bradner, Jr., Dunnington, Bartholow & Miller, New York City, for defendant Bessemer Securities Corp.

## MEMORANDUM OF DECISION

TONE, District Judge.

Defendants challenge plaintiffs' right to maintain a class action. This controversy arises from the purchase by plaintiffs and the class of investors they purport to represent of stock of the defendant Fotomat Corporation issued during its initial public offering. Fotomat sells amateur photographic products and provides film processing services through kiosks or portable huts located primarily in shopping center parking lots. These outlets are either franchised or operated directly by Fotomat. Prior to the April 30, 1969 public offering, Fotomat had been a closely held corporation and in the space of a mere two years had achieved a very rapid expansion of the number of its outlets across the nation.

The complaint charges violations of the federal securities laws in two counts. Count I alleges that the prospectus initially filed on January 24, 1969, and effective on April 30, 1969, contained certain untrue statements and omissions of material facts in violation of Section 11 of the Securities Act of 1933, 15 U.S.C. § 77k. These alleged omissions and misstatements deal with the relationship of Fotomat to Eastman Kodak. Plaintiffs allege that Fotomat was completely dependent upon Kodak for photographic film supplies essential to its business, that Fotomat's rapid nationwide growth was viewed by Kodak as a danger to its dominance over the industry, and that Fotomat's relationship with Kodak deteriorated to the point where Kodak embarked upon a course of action designed to destroy Fotomat. The contention is that the defendants knew of this situation and failed to relate these facts in the prospectus, thereby misleading prospective investors. The defendants other than Fotomat are officers and directors of that corporation, signatories of the registration statement containing the prospectus, underwriters and "controlling persons" as defined by 15 U.S.C. § 77o of the amended 1933 Act.

Count II incorporates the allegations of Count I and further charges a continued common course of conduct, from the public offering through November, 1970, which inflated the price of Fotomat stock over its true value, all in violation of Section 10(b) of the Securities

Exchange Act of 1934, 15 U.S.C. § 78j (b) and Rule 10b–5, 17 C.F.R. 240.10b–5. In addition to the statements and omissions in the prospectus, plaintiffs cite communications to stock brokers, shareholders of Fotomat and others of untrue and misleading statements of favorable information and a misleading failure to disclose unfavorable information.

### Count I

In summary, Count I is brought against all defendants except Heizer Corporation and Bessemer Securities Corporation, arises under Section 11 of the 1933 Act and the rules and regulations thereunder, and is based principally on the alleged omission of material facts from the April 30, 1969 prospectus and alleged untrue statements of material fact in that prospectus.

Only the Fotomat defendants contend that Count I should not be maintained as a class action. Their contention is based solely upon the statute of limitations, which they say raises individual issues which may differ among the approximately 500 class members and which, they contend, predominate.

An action under Section 11 is required by Section 13 of the 1933 Act to be brought "within one year after the discovery of the untrue statement or the omission, or after such discovery should have been made by the exercise of reasonable diligence, . . . . In no event shall any action be brought . . . more than three years after the security was bona fide offered to the public." (15 U.S.C. § 77m.) This action was brought within three years after the offer to the public and plaintiffs' purchase, so only the one year limitation is involved.

It seems to be the law that in an action governed by Section 13 a plaintiff must allege facts showing when the limitations period began to run. Premier Industries, Inc. v. Delaware Valley Financial Corp., 185 F.Supp. 694, 696 (E.D.Pa.1960); Shonts v. Hirliman, 28 F.Supp. 478, 486 (S.D.Cal.1939). Plaintiffs attempt to meet this requirement for themselves individually by pleading specific facts peculiar to themselves. The requirement is virtually impossible to satisfy as to members of a class numbering in the thousands unless the facts relating to limitations are common to all members of the class. Here that seems to be the case. Notwithstanding the named plaintiffs' allegation of certain facts peculiar to themselves, there are other allegations common to the class. As Judge Napoli said, in his Memorandum Opinion and Order in this case (p. 7), "The claim of plaintiffs was sufficiently broad to support the theories of fraudulent concealment of the true facts or estoppel of the defendants to assert the statute of limitations." After that opinion was filed, plaintiffs filed an amended complaint alleging fraudulent concealment and facts supporting that allegation. (Complaint, par. 25.)

Plaintiffs' claim of fraudulent concealment raises an issue common to all members of the class. If plaintiffs prevail on that issue, there will be individual questions only as to damages, and these will involve mathematical calculations which should not raise serious problems.

The action as to Count I should proceed conditionally as a class action. If it appears after discovery that plaintiffs will not be able to proceed on the theory of fraudulent concealment or estoppel, and there will be an individual statute of limitations issue as to each member of the class, the class action question should be reexamined. At that point, those members of the class who wish to proceed under Count I will be required to allege the facts concerning when the statute began to run as to them individually. An analysis should then be made of the categories of individual issues that exist, the nature of each category, the amount and kind of evi-

dence that will be required to prove them and any other factors that will bear on the feasibility of trying these issues in a single action, having in mind that plaintiffs have demanded a jury. So far as the reports disclose, no securities class action has yet failed under amended Rule 23 because of the existence of individual issues arising under the statute of limitations. It is conceivable, although I believe not likely, that individual limitations issues could be so divergent and of such a nature that they would predominate or would render the action unmanageable, or both. There is no need at this time to discuss in the abstract the conditions under which this may occur. There is sufficient likelihood here that the common questions will prove decisive, or that individual questions are of such a nature that they can be decided without lengthy evidence as to each class member, to make it appropriate that the class action proceed conditionally as to Count I.

### *Count II*

Count II is brought against all defendants; arises under Section 10(b) of the 1934 Act, Rule 10b–5 and other provisions of the Act and rules and regulations; and is based not only upon the alleged omissions and representations in the prospectus but also upon other alleged omissions of material facts and misstatements by the defendants.

Defendants' argument that the action should not proceed as a class action is based in part upon their contention that it is necessary that each member of the class prove that he individually relied upon the alleged omission or misrepresentation. After their brief was filed the Supreme Court decided Affiliated Ute Citizens v. United States, 404 U.S. 128, 92 S.Ct. 1456, 31 L.Ed.2d 741 (1972), which laid down the following rule:

"Under the circumstances of this case, involving primarily a failure to disclose, positive proof of reliance is not a prerequisite to recovery. All that is necessary is that the facts withheld be material in the sense that a reasonable investor might have considered them important in the making of this decision. . . . This obligation to disclose and this withholding of a material fact establish the requisite element of causation in fact."

This case, like the *Affiliated Ute Citizens* case, involves "primarily a failure to disclose."

The argument against class treatment that raises the most serious question is that Count II is based upon numerous different statements made by different defendants to different class members, some written and some oral, rather than a "consistent and integrated course of conduct directed to all members of a possible class." See Dolgow v. Anderson, 43 F.R.D. 472, 489 (E.D.N.Y. 1968). Defendants' contention is based upon allegations in the complaint and in the more definite statement concerning personal representations made by individual defendants to one of the plaintiffs.

It is obvious that these representations by individual defendants to an individual plaintiff cannot be the basis for the claims asserted in a class action. The draftsmen of amended Rule 23 recognized that, "although having some common core, a fraud case may be unsuited for treatment as a class action if there was material variation in the representations made . . . ." Moscarelli v. Stamm, 288 F.Supp. 453, 463 (E.D.N.Y.1968); Morris v. Burchard, 51 F.R.D. 530, 534 (S.D.N.Y.1971). And see Dolgow v. Anderson, *supra*, 43 F.R.D. at 489.

If, on the other hand, plaintiffs complain of "a common and consistent course of conduct" constituting "a wrong common to all," this is a suitable case for class treatment. Swanson v. American Consumer Industries, 415 F. 2d 1326, 1333 (7th Cir. 1969); Green

v. Wolf Corp., 406 F.2d 291, 300 (2d Cir. 1969), cert. den., 395 U.S. 977, 89 S.Ct. 2131, 23 L.Ed.2d 766 (1969).

Plaintiffs allege omissions and misrepresentations common to the class in the following documents: the original Fotomat registration statement of January 24, 1969 and four amendments thereto dated in April 1969; the Fotomat Annual Report for 1969; the Semi-Annual Report for the Six-Month Period Ended July 31, 1969, containing fiscal projections; Hayden Stone's financial report of February 13, 1970; a press release by Fotomat of March 31, 1970; a "Notice" dated April 24, 1970 addressed to "Fotomat Franchisees, Stockholders, Employees and Friends"; a news release issued in May 1970 containing fiscal projections; and the Fotomat Annual Report for 1970. Except for some vaguely referred to and unspecified misrepresentations attributed to certain defendants and others presently unknown to plaintiffs, the only representations by an individual defendant to an individual member of the class that are alleged in the complaint or the more definite statement occurred, allegedly, in a series of conversations between the president of Fotomat and plaintiffs' stockbroker.

If plaintiffs' claim on behalf of the class were dependent on the latter statements and other similar individual statements hinted at by plaintiffs, Count II would not be appropriate for class treatment. I read these allegations as to individual representations as surplusage, however. It would appear likely that the publication of the documents described above containing material omissions and misrepresentations, if proved, would amount to a common and consistent course of wrongful conduct common to all defendants. An action predicated on such a common wrong may be maintained as a class action.

Whether plaintiffs, who purchased their shares at the outset of the public offering, can represent members of the purported class who purchased later will also depend upon the kind of conduct the evidence shows. If a common and consistent course of conduct is proved, plaintiffs will adequately represent the class they seek to represent. Siegel v. Realty Equities Corp., 54 F.R.D. 420 (S.D.N.Y.1972); Weiss v. Tenney Corp., 47 F.R.D. 283 (S.D.N.Y.1969). Otherwise they will not.

Assuming that plaintiffs are required to prove some mental state on the part of defendants, see Dasho v. Susquehanna Corp., 461 F.2d 11, 29–30 n. 45 (7th Cir. 1972), the proof as to each defendant will be the same for all members of the class, so far as a common course of conduct by defendants is concerned. Therefore, the requirement of proving defendants' mental state, whatever it may be, will not create issues that differ among different class members.

The action as to Count II will, like the Count I claim, proceed conditionally as a class action. If it appears from the evidence adduced in discovery, that plaintiffs will be able to prove a common and consistent course of conduct amounting to a wrong common to all, the class action status will be maintained. If it develops that plaintiffs must rely on differing representations made by different defendants to different purchasers, the class determination as to Count II will be reexamined in light of that development.

I therefore find at this time as to both Count I and Count II that the class is so numerous that joinder of all members is impractical, that there are questions of law and fact common to the class which predominate over the individual questions, that the claims of the representative plaintiffs are typical of the claims of the other class members, that the named plaintiffs and their counsel will fairly and adequately protect the interests of the class and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy. Therefore the defendants' motions to dismiss

the classes are denied, and the classes are conditionally confirmed at this time under both counts.

The action may proceed conditionally as a class action as to both counts, the class consisting of all persons, including trusts, corporations, and other associations, who, prior to November 1, 1970, acquired shares of Fotomat Corporation common stock covered by the registration statement and prospectus dated April 30, 1969, including both the initial and subsequent acquirers of such shares.

Notice will issue to the members of the class who can be identified through reasonable effort. Rule 23(c)(2). Plaintiffs will prepare a proposed form of notice and a list of those who are to be notified. The costs will be borne by the plaintiffs. They shall submit their proposal within twenty days, and defendants shall have seven days thereafter to object and propose changes in the proposed form of notice.

See also, D.C., 62 F.R.D. 113.