Vera L. **EDMONDSON, Individually and on behalf of all other persons similarly situated,**

v.

William **SIMON, Individually and as Secretary of the Department of the Treasury; Charles Miriani, Individually and as Director, Chicago District Office, Internal Revenue Service; David Blattner, Individually and as Chief of the Audit Division, Chicago District of the Internal Revenue Service; Ronald Rossi, Individually, and as Chief of Examination Branch 6 of the Audit Division, Chicago District of the Internal Revenue Service; and Diane F. Roth, Individually and as Chief of the Training and Development Branch of the Administrative Division, Chicago District of Internal Revenue Service.**

No. 76 C 4591.

United States District Court, N. D. Illinois, E. D.

March 25, 1980.

Terry Yale Feiertag, Minsky, Lichtenstein & Feiertag, P. C., Chicago, Ill., for plaintiff.

Thomas P. Sullivan, U. S. Atty., Chicago, Ill., for defendant.

## MEMORANDUM OPINION

FLAUM, District Judge:

This matter comes before the court on plaintiff's motion to declare a class, pursuant to rule 23(b)(2), Fed.R.Civ.P. For the reasons set forth below, plaintiff's motion is granted.

The facts of this case have been set forth in detail in the court's Memorandum Opinion dated January 28, 1978 and therefore will not be repeated here. Plaintiff seeks only to maintain Count I of the Complaint as a class action.

Before determining whether this action may be maintained as a class action under rule 23(b)(2), the prerequisites of rule 23(a) must be met. Rule 23(a) states:

> One or more members of a class may sue or be sued as representative parties on behalf of all only if (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

■ By definition, an essential prerequisite to a class action is the existence of a "class." Furthermore, the named representative party must be a member of the class he purports to represent. 3B Moore's Federal Practice ¶¶ 23.04[1], 23.04[2], at 23–111, 23–120 (2d ed. 1979); Wright & Miller, Federal Practice & Procedure: Civil §§ 1760, 1761, at 579, 584 (1972). In a Memorandum Opinion dated January 27, 1978 this court redefined the class as "those black and female employees of the Chicago District Office [of the Internal Revenue Service of the United States Department of the Treasury] at any time after January 23, 1976 who were denied promotion opportunities because of their race or sex" and recognized that plaintiff is a member of the above-mentioned class.[1] However, the court lacked sufficient information to determine whether the prerequisites of rule 23(a) had been met.

■ The first prerequisite, impracticability of joinder, is not simply a test of the number of class members. Other factors may make joinder of a small class impracticable, though joinder of a larger class might be practicable in their absence. Thus, when the class is large, numbers alone are dispositive but when the class is small, factors other than number are significant. H. Newberg, Class Actions § 1105, at 172 (1977); 3B Moore's Federal Practice ¶ 23.-05[1], at 23–150 to 23–151 (2d ed. 1979); Wright & Miller, Federal Practice & Procedure: Civil § 1762, at 602 (1972).

■ Plaintiff contends that joinder is impracticable because large numbers of persons are involved (at least 170),[2] because relatively small amounts of money are involved in the claims of any one individual, and because class members who are presently employed by the Internal Revenue Service may fear reprisal and retaliation. Defendants contend that plaintiff's statistics are irrelevant because the purported class is overbroad and that plaintiff's statistical analysis is inadequate because many of

1. Defendants contend that evidence plaintiff relies on does not establish the existence of a class of which plaintiff is a member. It is inappropriate for a court to prejudge the merits and deny a class action for lack of evidence. *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 177–78, 94 S.Ct. 2140, 2152, 40 L.Ed.2d 732 (1974).

2. Of the 170 females, 56 are black. Affidavit of James P. Ostler, Jr. dated December 4, 1978.

the statistically included candidates are outside the purported class and because employees given promotions have not been subtracted.[3] Even if the class was less than half the size of that proposed by plaintiff, it is still a sufficiently large group to satisfy rule 23(a)(1) where the members of the class are unable to sue individually. *See Swanson v. American Consumer Industries, Inc.*, 415 F.2d 1326, 1333 n.9 (7th Cir. 1969). Therefore, the requirement under rule 23(a)(1) of numerosity is satisfied.

▮ Rule 23(a)(2) does not require that all questions of law or fact raised in the litigation be common. There need be only a single issue common to all members of the class. Therefore, when the party opposing the class has engaged in some course of conduct that affects a group of persons and gives rise to a cause of action, one or more of the elements of that cause of action will be common to all of the persons affected. H. Newberg, Class Actions § 1110a, at 180–81 (1977); 3B Moore's Federal Practice ¶ 23.06–1, at 23–173 (2d ed. 1979); Wright & Miller, Federal Practice & Procedure: Civil § 1763, at 603–04 (1972).

▮ Plaintiff contends common questions of both fact and law are presented because the nature of a Title VII action is such that there must be common questions regarding defendants' employment policies, practices and actions.[4] The court does not agree. Otherwise, every Title VII case would be a class action. *See Gresham v. Ford Motor Co.*, 53 F.R.D. 105, 106 (N.D.Ga. 1970). However, the Complaint does allege across-the-board racial and sexual discrimination. Where an across-the-board or permeating policy of discrimination is alleged in a class action, the requirement under rule 23(a)(2) of commonality is satisfied.[5] *See e. g., Rich v. Martin Marietta Corp.*, 522 F.2d 333, 341 (10th Cir. 1975); *Barnett v. W. T. Grant Co.*, 518 F.2d 543, 547–48 (4th Cir. 1975); *Wetzel v. Liberty Mutual Insurance Co.*, 508 F.2d 239, 255 (3d Cir.), *cert. denied*, 421 U.S. 1011, 95 S.Ct. 2415, 44 L.Ed.2d 679 (1975); *Johnson v. Georgia Highway Express, Inc.*, 417 F.2d 1122, 1124 (5th Cir. 1969). Therefore, the requirement under rule 23(a)(2) of commonality is satisfied.

The first two prerequisites of rule 23, numerosity and commonality, focus on characteristics of the class. The second two prerequisites, typicality and adequacy of representation, focus instead on the class representative. H. Newberg, Class Actions § 1115, at 184 (1977); 3B Moore's Federal Practice ¶ 23.06–2, at 23–191 to 23–192 (2d ed. 1979).

▮ A plaintiff's claim is typical if it arises from the same event or practice or course of conduct that gives rise to the claims of other class members and his or her claims are based on the same legal theory.

---

3. Because the data is incomplete plaintiff contends that the size of the class conservatively could be increased by fifty percent. Defendant takes the position that the court should not consider this extrapolation. The court need not reach this issue.

4. More specifically plaintiff contends that the common questions presented by Count I of the Complaint are

"questions of whether the defendant has policies or practices of failing or refusing to recruit, hire, pay, transfer or promote blacks and/or women on an equal basis with white males and whether the defendant maintains policies and practices which utilize subjective, non-job related criteria for personnel actions which operate to disparately affect blacks and females because of their race and/or sex." Memorandum in Support of Plaintiff's Motion to Declare a Class filed June 23, 1977 at 7.

5. Defendants contend that the commonality requirement has not been met on the grounds that: (1) plaintiff has neither produced evidence to show nor alleged the existence of any class claims, and (2) the class is too diverse for representation by plaintiff. Defendants first contention is unfounded. Allegations containing the basic factual elements and legal issues of plaintiff's claims with the statement that these are common to the class will satisfy rule 23(a)(2). H. Newberg, Class Actions § 1450, at 504 (1977). Defendants' second contention is contrary to the clear language of rule 23(a)(2), which requires a common question either of fact or of law. The presence of individual questions of fact will not prevent satisfaction of the (a)(2) prerequisite where there are common questions of law regarding the validity of employment practices and policies. H. Newberg, Class Actions § 1110d, at 183 (1977).

H. Newberg, Class Actions §§ 1115b, 1115f, at 185, 191 (1977); Wright & Miller, Federal Practice & Procedure: Civil § 1764, at 614 (1972). Defendants contend plaintiff's claim is not typical because plaintiff's legal and factual positions are markedly different from those of the purported class members. The court does not agree. *See Senter v. General Motors Corp.*, 532 F.2d 511, 525 n.31 (6th Cir.), *cert. denied*, 429 U.S. 870, 97 S.Ct. 182, 50 L.Ed.2d 150 (1976).

█ When it is alleged that the same unlawful conduct was directed at or affected both the named plaintiff and the class sought to be represented, the typicality requirement is met irrespective of varying fact patterns which underlie individual claims. Typicality refers to the nature of the claim or defense of the class representative and not to the specific facts from which it arose or to the relief sought. Factual differences will not render a claim atypical if the claim arises from the same event or practice or course of conduct that gives rise to the claims of the class members and is based on the same legal theory. H. Newberg, Class Actions §§ 1115b, 1115c, at 186 (1977); *Donaldson v. Pillsbury Co.*, 554 F.2d 825, 831 (8th Cir. 1977), *cert. denied*, 434 U.S. 856, 98 S.Ct. 177, 54 L.Ed.2d 128 (1977); *Gibson v. Local 40, Supercargoes & Checkers of International Longshoremen's & Warehousemen's Union*, 543 F.2d 1259, 1264 (9th Cir. 1976); *Senter v. General Motors Corp.*, 532 F.2d 511, 523–24 (6th Cir.), *cert. denied*, 429 U.S. 870, 97 S.Ct. 182, 50 L.Ed.2d 150 (1976); *Long v. Sapp*, 502 F.2d 34, 43 (5th Cir. 1974); *Gerstle v. Continental Airlines, Inc.*, 50 F.R.D. 213, 219 (D.Colo. 1970), *aff'd* 466 F.2d 1374 (10th Cir. 1972).

█ Most courts have looked to the elements of the cause of action that the class representative must prove in order to establish the defendant's liability. If they are substantially the same as those needed to be proved by the class members, the representative's claim is typical. *E. g., Blackie v. Barrack*, 524 F.2d 891, 909–10 (9th Cir. 1975), *cert. denied*, 429 U.S. 816, 97 S.Ct. 57, 50 L.Ed.2d 75 (1976); *Green v. Wolf Corp.*, 406 F.2d 291, 299 (2d Cir. 1968), *cert. denied*,

395 U.S. 977, 89 S.Ct. 2131, 23 L.Ed.2d 766 (1969). Here plaintiff has charged racial and sexual discrimination based on employment policies and practices not special or unique to herself and has alleged that other class members have similar grievances. Therefore, the requirement under rule 23(a)(3) of typicality is satisfied.

█ In determining whether the representative party adequately represents the persons on whose behalf he sues, the court should inquire into two matters: first, the adequacy of the representative, and second, the adequacy of his counsel. 3B Moore's Federal Practice ¶ 23.07[1], at 23–201 to 23–202 (2d ed. 1979). *Susman v. Lincoln American Corp.*, 561 F.2d 86, 90 (7th Cir. 1977). With respect to the adequacy of the representative, the traditional approach has been to consider whether the interest of the named party is coextensive with the interests of the other members of the class, whether his interests are antagonistic in any way to the interests of those whom he represents, and any other facts bearing on the ability of the named party to speak for the rest of the class. 3B Moore's Federal Practice ¶ 23.07[1], at 23–203 (2d ed. 1979).

█ Coextensiveness of interest does not mean that the positions of the representative and the class members have to be identical; rather it means that the representative and the class members should share common objectives and legal or factual positions. Wright & Miller, Federal Practice & Procedure: Civil § 1769, 654–55 (1972); *Russell v. American Tobacco Co.*, 528 F.2d 357, 365 (4th Cir. 1975), *cert. denied*, 425 U.S. 935, 96 S.Ct. 1666, 48 L.Ed.2d 176 (1976). Defendants contend that plaintiff's interests are not coextensive with the rest of the class because she is concerned only with the Revenue Agent Training Program. However, an individual employee may represent others who are also subject to discrimination even though they work in different departments and the particulars of the discrimination are not identical. *Hill v. Western Electric Co., Inc.*, 596 F.2d 99, 102 (4th Cir.), *cert. denied*, 444 U.S. 929, 100 S.Ct. 271, 62 L.Ed.2d 186 (1979); *Russell,*

528 F.2d at 365; *Jenkins v. United Gas Corp.*, 400 F.2d 28, 33 (5th Cir. 1968).

 Defendants further contend that plaintiff's interests are not coextensive with the rest of the class because a black woman cannot adequately represent the divergent interests of both women and blacks. This court is unwilling to hold as a matter of law that no black female can represent without conflict the interests of both blacks and females. *Vuyanich v. Republic National Bank of Dallas*, 82 F.R.D. 420, 434–35 (N.D. Tex.1979). The facts of the case at this time do not reveal a conflict between the claims of black employees and female employees.[6] Should such facts later become apparent rule 23(c)(1) empowers the court to redefine the class and rule 23(c)(4) empowers the court to divide the class into subclasses.

 In order for a party to represent a class his interests must be wholly compatible with and not antagonistic to those whom he would represent. 3B Moore's Federal Practice ¶ 23.07[3], at 23–232 (2d ed. 1979); Wright & Miller, Federal Practice & Procedure: Civil § 1768, at 638 (1972). Furthermore, the interests of the plaintiff and the members of the class can be wholly compatible despite the theoretical existence of a conflict. *Reynolds v. National Football League*, 584 F.2d 280, 286 (8th Cir. 1978); *McDonald v. Chicago Milwaukee Corp.*, 565 F.2d 416, 422 (7th Cir. 1977). Generally, therefore, if the representative's interests are coextensive with those of the rest of the class, they will not be viewed as antagonistic. Wright & Miller, Federal Practice & Procedure: Civil § 1769, at 656 (1972). Since plaintiff's interests are coextensive with, and not antagonistic with, the interests of the rest of the class, plaintiff is an adequate representative.

 With respect to the adequacy of plaintiff's counsel, the inquiry is really into counsel's possible inadequacy. The inadequacy which most often disqualifies counsel

is found either retrospectively based on performance or otherwise prospectively arising from something in the nature of a conflict of interests. 3B Moore's Federal Practice ¶ 23.07[1.–1], at 23–216 (2d ed. 1979). Defendants have not pointed out to the court anything either prospective or retrospective which would suggest that plaintiff's counsel is inadequate. Therefore, the requirement under rule 23(a)(4) that the representative party fairly and adequately protect the interests of the class is satisfied.

In addition to satisfying the four prerequisites of rule 23(a), the action must also come within one of the categories set forth in rule 23(b). Plaintiff contends that Count I comes within rule 23(b)(2) which provides that a class action is appropriate when

"the party opposing the class has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole."

Two basic requirements must be met in order for an action to fall within rule 23(b)(2): first, the party opposing the class must have acted or refused to act on grounds "generally applicable" to all class members; and second, final injunctive or corresponding declaratory relief must be appropriate. H. Newberg, Class Actions § 1145, at 239 (1977); Wright & Miller, Federal Practice & Procedure: Civil § 1775, at 19 (1972).

Defendants contend that plaintiff has not satisfied subdivision (b)(2) because the alleged disparate effect of the Revenue Agent Training Program has no general application to the blacks and women denied promotions for other reasons and because plaintiff has failed to identify an employment policy generally applicable to the class. The court does not agree.

 The courts have interpreted the first requirement to mean that the party opposing the class must have acted in a consistent manner toward members of the

---

**6.** Defendants cite to several passages in plaintiff's deposition as exhibits that plaintiff cannot adequately represent white females. Since plaintiff's deposition has not been placed properly before the court, it cannot be taken into consideration at this time.

class so that his actions may be viewed as part of a pattern of activity. *E. g., Griffin v. Burns*, 570 F.2d 1065, 1074 (1st Cir. 1978); *Bermudez v. United States Department of Agriculture*, 490 F.2d 718, 725 (D.C.Cir.), *cert. denied*, 414 U.S. 1104, 94 S.Ct. 737, 38 L.Ed.2d 559 (1973).[7] All the class members need not be aggrieved by or desire to challenge the defendant's conduct in order for one or more of them to seek relief under rule 23(b)(2). What is necessary is that the challenged conduct or lack of conduct be premised on a ground that is applicable to the entire class. 3B Moore's Federal Practice ¶ 23.40[2], at 23–290 (2d ed. 1979); Wright & Miller, Federal Practice & Procedure: Civil § 1775, at 21 (1972); *Davis v. Weir*, 497 F.2d 139, 146 (5th Cir. 1974).

 The primary limitation on the use of (b)(2) is the requirement that injunctive or declaratory relief be the predominant remedy requested for class members. This requirement does not preclude the award of monetary recoveries on a class-wide basis when monetary relief for class members is either part of the equitable relief granted or is secondary or ancillary to the predominant injunctive or declaratory relief sought. H. Newberg, Class Actions §§ 1145a, 1145b, at 242–43 (1977); 3B Moore's Federal Practice ¶ 23.40[4], at 23–304 to 23–305 (2d ed. 1979); Wright & Miller, Federal Practice & Procedure: Civil § 1775, at 22 (1972). Although plaintiff does request compensatory and punitive damages, the court considers this relief either incidental or equitable in nature.[8] Therefore, this action comes within rule 23(b)(2).

7. This is consistent with the intention of the Advisory Committee which stated in its Note to the 1966 amendment of rule 23:

"Action or inaction is directed to a class within the meaning of this subdivision even if it has taken effect or is threatened only as to one or a few members of the class, provided it is based on grounds which have general application to the class."
39 F.R.D. 69, 102 (1966).

8. Defendants' final argument is that the class members should be given individualized notice

Accordingly, this action shall be maintained as a class action under rule 23(b)(2) on behalf of a plaintiff class consisting of all black and female employees of the Chicago District Office of the Internal Revenue Service of the United States Department of the Treasury at any time after January 23, 1976 who were denied promotion opportunities because of their race or sex.

It is so ordered.

which requires them to opt into the class. The court does not believe this approach is appropriate at this time. If aspects of the case which do not fall within rule 23(b)(2) cannot be treated as incidental or equitable in nature, the court has the power under subdivision (c)(4)(A) to confine the class action aspects of the case to those issues pertaining to the injunction and to allow damage issues to be tried separately. Wright & Miller, Federal Practice & Procedure: Civil § 1775, at 23–24 (1972).