Robert RIORDAN and Sandra F. Gerow, individually and on Behalf of others similarly situated, Plaintiffs,

v.

SMITH BARNEY, et al., Defendants.

No. 84 C 3216.

United States District Court, N.D. Illinois, E.D.

Nov. 6, 1986.

Anthony S. DiVincenzo, Richard P. Campbell, Campbell & DiVincenzo, Chicago, Ill., for plaintiffs.

David Graham, Sidley & Austin, Chicago, Ill., for defendants.

## MEMORANDUM OPINION AND ORDER

WILLIAM T. HART, District Judge.

Plaintiffs Robert Riordan and Sandra Gerow brought this action to recover for damages caused by defendants' allegedly fraudulent sale of partnership interests in Kelley & Kerr Drilling Limited 1981–1 ("Kelley & Kerr"). Presently before the court is plaintiffs' motion for class certification pursuant to Federal Rule of Civil Procedure 23. For the following reasons, plaintiffs' motion is granted.

### Facts

Plaintiffs allege the facts to be as follows: Defendants made a private offering of limited partnership interests in Kelley & Kerr in order to raise money to acquire and operate three oil and gas drilling rigs. Plaintiff Riordan invested $150,000 in the partnership; plaintiff Gerow invested $75,000. The private placement memorandum for the offering set out certain conditions which were to have been met before the partnership was formed. Plaintiffs claim that one of these conditions was not met in that Kelley & Kerr never obtained a contract for the third drilling rig. Nevertheless, the subscription proceeds were released by defendant Smith Barney when the offering was fully subscribed, and the partnership was formed. Subsequently, Kelley & Kerr found itself without sufficient lease revenue to service its sizeable loans. Its major creditor then foreclosed on the three drilling rigs, and the partnership ultimately dissolved.

Plaintiffs, who lost their investments, allege that the partnership should never have been formed. They also allege that defendant Smith Barney should have disclosed to investors the fact that a contract for the third rig had not been obtained. Additionally, plaintiffs claim that the defendants failed to inform them of the true nature of the risks under the contracts by falsely representing the contracts as absolute guarantees of revenue to the partnership. The second amended complaint alleges violations of the securities laws and asserts pendent state law claims for fraud and breach of fiduciary duty, and seeks both compensatory and punitive damages.

Plaintiffs have moved to certify this case as a class action under Rule 23(b)(1), or alternatively, Rule 23(b)(3), of the Federal Rules of Civil Procedure. The proposed class is defined as:

All persons or entitites that purchased limited partnership interests in Kelley & Kerr Drilling Limited 1981–1 from March 17, 1981, through April 30, 1981, who either sold such interests at a loss or continue to hold such interests at a loss. Excluded from the class are the individual defendants, their employees, and the members of the immediate families of each of the individual defendants.

## Discussion

■ This court has broad discretion in determining whether or not a class should be certified. *Donovan v. Estate of Fitzsimmons,* 778 F.2d 298, 306 (7th Cir.1985); *United Independent Flight Officers, Inc. v. United Air Lines,* 756 F.2d 1274, 1283 (7th Cir.1985). For purposes of determining class certification, the allegations made in support of certification are taken as true and the merits of the case are not examined. *Eisen v. Carlisle and Jacquelin,* 417 U.S. 156, 94 S.Ct. 2140, 40 L.Ed.2d 732 (1974). Plaintiffs bear the burden of proving that each of the requirements for class certification has been satisfied. *General Telephone Co. v. Falcon,* 457 U.S. 147, 161, 102 S.Ct. 2364, 2372, 72 L.Ed.2d 740 (1982); *Valentino v. Howlett,* 528 F.2d 975, 978 (7th Cir.1976). Plaintiffs must establish both that this action may be maintained as a class action under Rule 23(a) and that it satisfies the requirements of Rule 23(b).

### I. The Class Meets the Requirements of Fed.R.Civ.P. 23(a)

■ Rule 23(a) provides:

One or more members of a class may sue or be sued as representative parties on behalf of all only if (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class.

Each requirement is met in this case.

### A. Numerosity and Impracticability of Joinder

There are 43 investors in Kelley & Kerr. However, two of the original 43 investors would be excluded from the class as employees of defendants under plaintiffs' proposed class definition; two others may also have to be excluded because they are partners in the law firm representing defendant Smith Barney. In addition, the claims of six investors who are non-Illinois residents may be barred by the applicable statutes of limitations under the Illinois borrowing statute. This brings the total number of class members to approximately 29.

Although 29 is not a large number of class members, it is sufficient to satisfy the numerosity requirement of Rule 23(a)(1) in the circumstances of this case. In *Helfand v. Cenco, Inc.,* 80 F.R.D. 1, 5 (N.D.Ill.1977), this court recognized that there is a strong policy favoring class certification in securities fraud cases and indicated that in such cases, a class of 25–50 may be sufficiently large. *See also Swanson v. American Consumer Industries, Inc.,* 415 F.2d 1326, 1333 n. 9 (7th Cir.1969) (class of 40 certified in securities case). Indeed, classes significantly smaller than putative class involved here have been certified by this court. *See, e.g., Allen v. Isaac,* 99 F.R.D. 45 (N.D.Ill. 1983) (class of 17); *Rosario v. Cook County,* 101 F.R.D. 659 (N.D.Ill.1983) (class of 20). *See also Basile v. Merrill Lynch, Pierce, Fenner and Smith,* 105 F.R.D. 506 (S.D. Ohio 1985) (class of 23); *Arkansas Education Association v. Board of Education,* 446 F.2d 763 (8th Cir.1971) (class of 20); *Cypress v. Newport News General & Nonsectarian Hospital Ass'n,* 375 F.2d 648 (4th Cir.1967) (class of 18); *Davy v. Sullivan,* 354 F.Supp. 1320 (M.D.Ala.1973) (class of 10).

■ Of course, the test for impracticability of joinder is not simply a test of the number of class members. *Edmondson v. Simon,* 86 F.R.D. 375, 379 (N.D.Ill.1980). When the class is large, numbers alone are dispositive, but when the class is small, factors other than numbers are significant. *Id.* One such factor is the geographical dispersion of the potential class members. If all members are not found within the same district, impracticability of joinder is increased. *Allen v. Isaac, supra* at 53. The 29 class members in this action are from nine different states. This is enough geographical dispersion to justify a finding that joinder is impracticable in a securities case like this one. The requirements of Rule 23(a)(1) are satisfied.

## B. Commonality

■ Commonality is achieved with the existence of a common question of either fact or law. Not all factual or legal questions raised in the lawsuit need be common so long as a single issue is common to all class members. *See, e.g., Midwest Community Council, Inc. v. Chicago Park District,* 87 F.R.D. 457 (N.D.Ill.1980).

At the heart of the complaint is the private placement memorandum which, plaintiffs claim, failed adequately to describe the contracts obtained, failed to disclose the financial net worth of the loan guarantors, and misstated the conditions of the loan. Also central to the complaint is defendant Smith Barney's alleged failure to disclose information that would have exposed the misrepresentations contained in the private placement memorandum. Plaintiffs' complaint alleges a series of nondisclosures and misrepresentations which injured all investors alike. There thus exist common questions of fact, including the existence, nature, extent and materiality of the alleged misrepresentations and omissions. There are also common questions of law—namely, the existence and extent of liability under the securities laws and under the common law.

■ A class action will not be defeated solely because there are some factual variations among the members' grievances. *Patterson v. General Motors Corp.,* 631 F.2d 476 (7th Cir.1980), *cert. denied,* 451 U.S. 914, 101 S.Ct. 1988, 68 L.Ed.2d 304 (1981). Thus, the mere fact that some additional oral misrepresentations were allegedly made to the named plaintiffs does not preclude a finding of commonality. Indeed, while it is the primary placement memorandum that is primarily at issue in this case, oral representations appear also to have been made to the other class members. The commonality prerequisite of Rule 23(a)(2) is met.

## C. Typicality

■ Typicality does not require that the claims or defenses of the named plaintiffs be identical or perfectly coextensive with the claims or defenses of the members; substantial similarity is satisfactory. *Allen v. Isaac, supra* at 54.

A plaintiff's claim is typical if it arises from the same event or practice or course of conduct that gives rise to the claims of other class members and his or her claims are based on the same legal theory.... The typicality requirement may be satisfied even if there are factual distinctions between the claims of the named plaintiffs and those of other class members. Thus, similarity of legal theory may control even in the face of differences of fact.

*De La Fuente v. Stokely-Van Camp, Inc.,* 713 F.2d 225, 232 (7th Cir.1983).

The claims of the named plaintiffs are "typical" of those held by other class members because all contain a common "core of allegation." *E. v. Lane,* 530 F.Supp. 930, 943 (N.D.Ill.1981). As previously discussed, there is no indication that any of the oral representations made to the named plaintiffs were in any way unique.

Nor has it been shown that it is the named plaintiffs alone who may be subject to such defenses as waiver or ratification. Moreover, even if Smith Barney's suggestion that the claimed defenses are unique to the named plaintiffs were accepted as true, this would not preclude a finding of typicality. Rule 23(a)(3) mandates the typicality of the named plaintiffs' claims—not defenses. *Coleman v. McLaren,* 98 F.R.D. 638 (N.D.Ill.1983). This court has held that it is only when a unique defense will consume the merits of a case that a class should not be certified. *Thillens, Inc. v. Community Currency Exchange Association,* 97 F.R.D. 668, 678 (N.D.Ill.1983). No showing has been made that there is a defense against the named plaintiffs that is both "inapplicable to the remainder of the class and threatens to become a primary issue in the litigation." *McNichols v. Loeb Rhoades and Co., Inc.,* 97 F.R.D. 331, 340 (N.D.Ill.1982). The claims of the named plaintiffs are thus typical of the claims of the class as a whole under Rule 23(a)(3).

## D. Adequacy of Representation

■ Rule 23(a)(4) also requires that the named plaintiffs will fairly and adequately represent the interests of the class. A finding of adequacy of representation involves a two-pronged inquiry. First, the named representatives must have a sufficient interest in the outcome to ensure vigorous advocacy while having no interest antagonistic to the interests of the class. Second, counsel for the named plaintiffs must be competent. *See General Telephone Co. v. Falcon, supra* 457 U.S. at 157 n. 13, 102 S.Ct. at 2370 n. 13; *Susman v. Lincoln American Corp.*, 561 F.2d 86, 90 (7th Cir.1977).

■ Certification of a class should be denied on the grounds of antagonism only if that antagonism goes to the subject matter of the litigation. *Allen v. Isaac, supra* at 55. The interests of plaintiffs Riordan and Gerow are neither divergent nor antagonistic one to another nor to the interests of the class. Both plaintiffs have a significant financial stake in the outcome of this litigation. Indeed, the interests of the named plaintiffs are coextensive with those of the other class members, since all have lost their entire investments in Kelly & Kerr. Since this case involves common questions of fact and law, and since the claims of the named plaintiffs are substantially similar to those of the class as a whole, the first prong of the adequacy of representation test is met.

Turning to the second prong, this court finds that plaintiffs' counsel is capable of adequately representing the interests of the class members. Defendant Smith Barney cites two instances of purported inattention on the part of plaintiffs' counsel in support of its claim that counsel is not competent to represent a class: the delay of two years in seeking class certification and the failure to take action against the seven defendants who have not filed appearances in the case.

Ordinarily these reasons would be significant. However, counsel's failure to move for class certification at an earlier date is explained by asserting a request by the judge who earlier presided over this case that a motion for certification not be brought until a then-pending motion to dismiss had been disposed of. Likewise, counsel's failure to take action against the defendants in this case other than Smith Barney is based on the fact that a settlement agreement has been reached, at least in principle, with those defendants. Plaintiffs' counsel has had extensive experience in securities fraud class action suits and is competent to represent the class. Adequacy of representation under Rule 23(a)(4) has been established. However, the court will monitor the diligence with which this action is pursued.

## II. The Class Meets the Requirements of Fed.R.Civ.P. 23(b)

A class action which meets all four of the requirements of Rule 23(a) must also qualify under any one of the subsections of Rule 23(b). Plaintiffs claim that this case satisfies the terms of Rule 23(b)(1), or alternatively, Rule 23(b)(3). While the proposed class does not satisfy Rule 23(b)(1), it fits squarely within the ambit of Rule 23(b)(3) and thus is appropriate for certification.

Rule 23(b)(1) provides that an action may be maintained as a class action if the prerequisites of subdivision (a) are satisfied and in addition:

(1) the prosecution of separate actions by or against individual members of the class would create a risk of

(A) inconsistent or varying adjudications with respect to individual members of the class which would establish incompatible standards of conduct for the party opposing the class, or

(B) adjudications with respect to individual members of the class which would as a practical matter be dispositive of the interests of the other members not parties to the adjudications or substantially impair or impede their ability to protect their interests; ...

Plaintiffs claim that this suit is properly maintainable as a class action under Rule 23(b)(1)(B) since it alleges a breach of fiduciary duty. Defendant Smith Barney, on

the other hand, characterizes the case as a mere suit for money damages, and asserts that a determination adverse to one claimant would have no relevance to another person's claim.

Rule 23(b)(1) treatment has generally not been accorded to securities fraud class actions like the case at bar; rather, such cases are ordinarily classified under the somewhat less stringent Rule 23(b)(3). *See, e.g., Contract Buyers League v. F & F Investment*, 48 F.R.D. 7 (N.D.Ill.1969). In this case, the need to meet a threat of inconsistent adjudications which is the thrust of Rule 23(b)(1)(B) is not substantial, since different results as to adjudications involving different individuals could be distinguished on the basis of different facts. Accordingly, Rule 23(b)(1)(B) does not provide a proper basis for certification.

However, this case is well within the purview of Rule 23(b)(3), which provides that a class that meets the requirements of Rule 23(a) may be certified if the court finds that "the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy."

**A. Predominance of Common Issues**

In making a determination whether common questions of law or fact predominate, the threshold question that the court must consider is whether the group for which certification is sought seeks to remedy a common legal grievance. *Hochschuler v. G.D. Searle & Co.*, 82 F.R.D. 339, 349 (N.D.Ill.1978). The common issues need not be dispositive of the entire litigation. The fact that questions peculiar to each individual member of the class may remain after the common questions have been resolved does not dictate the conclusion that a class action is not permissible. *Id.* Plaintiffs' allegations meet this test.

Defendant Smith Barney's claim that individual questions of reliance defeat a finding of predominance is without merit. It is well established that individual issues of reliance do not thwart class actions. *Helfand v. Cenco, supra* at 8. To the extent that reliance issues must be litigated, they can be accommodated within the class action contest. If necessary, this court may order separate hearings on reliance after determination of the common issues of law and fact. *See, e.g., Issen v. GSC Enterprises, Inc.*, 522 F.Supp. 390, 403 (N.D.Ill. 1981); *Ridings v. Canadian Imperial Bank*, 94 F.R.D. 147, 151 (N.D.Ill.1982).

Similarly, individual problems involving statutes of limitations and ascertainment of damages do not preclude a finding of predominance under Rule 23(b)(3). It is very common for Rule 23(b)(3) actions to involve differing damage awards for different class members; the difficulty in properly allocating damages is not, however, a reason to deny class certification. *De La Fuente, supra* at 233. The same is true for individual statute of limitations problems. *Seiden v. Nicholson*, 69 F.R.D. 681, 686 (N.D.Ill.1976); *Bisgeier v. Fotomat Corp.*, 62 F.R.D. 113, 116 (N.D.Ill. 1972). Moreover, since Illinois law will apply to at least half the class members, a subclass of Illinois investors may well be feasible.

**B. Superiority**

In addition to finding the predominance of common questions, Rule 23(b)(3) also requires that this court determine that a class action is superior to other available methods for the adjudication of the controversy. The statute lists four considerations pertinent to this finding:

(A) the interest of members of the class in individually controlling the prosecution or defense of separate actions; (B) the extent and nature of any litigation concerning the controversy already commenced by or against members of the class; (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; (D) the

difficulties likely to be encountered in the management of a class action.

Fed.R.Civ.P. 23(b)(3).

Considering these criteria, and in light of the above, a class action is clearly the superior method of adjudication in this case. First, investors have been reluctant to initiate litigation on their own, as evidenced by the fact that no other actions against defendants arising out of the transaction at issue are currently pending. Second, no putative class member has opposed certification, and indeed, it was at the request of nine investors in Kelley & Kerr that this case was filed as a class action. Third, the geographical dispersion of the class members makes it desirable that litigation of the claims involved be concentrated in a single forum, and this court is already familiar with the legal issues in the case. Finally, the case should not involve insuperable problems of class management. The names and addresses of the class members are readily available, and, as previously indicated, the variations in proof between individual class members can be dealt with by conducting separate hearings after the common issues have been determined. A class action is therefore superior to other available methods for the fair and efficient adjudication of this controversy. *See Hohmann v. Packard Instrument Co.*, 399 F.2d 711 (7th Cir.1968). Accordingly, the proposed class may be certified pursuant to Rule 23(b)(3).

IT IS THEREFORE ORDERED that:

(1) Plaintiffs' motion for class certification is granted.

(2) A class will be certified pursuant to Rule 23(b)(3) to include:

All persons or entitites that purchased limited partnership interests in Kelley & Kerr Drilling Limited 1981–1 from March 17, 1981, through April 30, 1981, who either sold such interests at a loss or continue to hold such interests at a loss. Excluded from the class are the individual defendants, their employees, and the members of the immediate families of each of the individual defendants.

(3) A status hearing is set for December 1, 1986, at 9:00 a.m., at which time the parties must submit sample notice forms pursuant to Rule 23(c)(2) by which named and unnamed class members will be advised of this action, of the binding nature of any judgment, that they can opt out by a specified date, and that they may retain individual counsel. For an example form of notice, the parties are directed to the notice set out in *Allen v. Isaac*, 100 F.R.D. 373 (N.D.Ill.1983).