Keith JONES, Kimberly Jones, Marcy Jones and Votis Wilborn on their behalf and on behalf of all similarly situated persons, Plaintiffs,

v.

Ross TAKAKI, Three Unknown Police Officers, Cook County and Jack O'Malley, State's Attorney of Cook County, Defendants.

No. 92 C 7076.

United States District Court,
N.D. Illinois, E.D.

April 20, 1993.

**610**

Charles G. Murphy, Murphy, Peters & Davis, Thomas M. Peters, David R. McLenachen, Chicago, IL, for Keith Jones, Kimberly Jones, Marcy Jones, Votis Wilborn.

Timothy John Frenzer, Geri Lynn Yanow, John F. McGuire, City of Chicago, Law Dept., Corp. Counsel, Chicago, IL, for Ross Takaki.

Terry L. McDonald, Lawrence R. Stasica, Cook County State's Attorney's Office, Chicago, IL, for Cook County, Jack O'Malley.

MEMORANDUM OPINION AND ORDER

ASPEN, District Judge:

Count V of the instant complaint represents a putative class action brought by Mar-cy Jones and Votis Wilborn. In addition to damages, Jones and Wilborn seek (1) a declaration that the Illinois forfeiture system runs afoul of the due process clause of the United States Constitution, and (2) an injunction against defendants Cook County and Jack O'Malley from enforcing the forfeiture statute. Presently before the court are (i) plaintiffs' motion for class certification, and (ii) defendants Jack O'Malley and Cook County's motion to dismiss Count V of the complaint. For the reasons set forth below, we deny the motion for class certification and dismiss Cook County from Count V of plaintiffs' complaint. Defendants' motion to dismiss is denied in all other respects.

I. Class Certification [1]

Plaintiffs Marcy Jones and Votis Wilborn seek to represent a class of persons who:

(a) had or will in the future have, money, cars or any other property seized by law enforcement officers pursuant to the Illinois forfeiture laws; and

(b) when their property was seized, were not in possession of narcotics or any other contraband *per se;*

(c) were not charged with a state or federal criminal offense as a result of the seizure; or

(d) had their property illegally seized; or

(e) have a meritorious statutory defense such as innocent ownership; and

(f) for whom there has not been a prompt post-deprivation judicial determination of probable cause to further detain the property, a hearing at which the class member has notice, the opportunity to present evidence and cross-examine witnesses, and a statement of reasons for the continued for the continued detention.

Plaintiffs' Motion to Certify Class at 1–2. Additionally, the class excludes (1) "any person whose claim to seized property has been fully adjudicated by a state or federal tribunal," and (2) "any person who has been found guilty of a crime arising out of the seizure, *i.e.,* a narcotics offense." *Id.* at 2.

Rule 23 of the Federal Rules of Civil Procedure establishes a two-step procedure to

---

**1.** The background culminating in this five-count, civil rights action is recounted in great detail in our memorandum opinion and order dated February 17, 1993, in which we granted defendant Ross Takaki's motion to stay or dismiss without prejudice Counts I–IV of plaintiffs' complaint pending resolution of the underlying criminal proceeding. *Jones v. Takaki,* No. 92–7076, slip op. at 2–4, 1993 WL 41420 (N.D.Ill. Feb. 17, 1993). As such, rather than belabor the framework of this action, we will relate throughout the opinion only those facts relevant to the issues currently before the court.

determine if a class action is appropriate. The court must first inquire into whether the class meets the four preliminary requirements of Rule 23(a):

> (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class.

Additionally, a class action that satisfies all four of the Rule 23(a) requirements must also qualify under one of the three subsections of Rule 23(b). In the instant case, Jones and Wilborn seek certification of the class under Rule 23(b)(2), which provides that a class action is proper if "the party opposing the class has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole." In the alternative, plaintiffs request certification under Rule 23(b)(3), which provides that a class action is proper if "the court finds that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy."

■ In evaluating the motion for class certification, the allegations made in support of certification are taken as true, and we do not examine the merits of the case. *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 177–78, 94 S.Ct. 2140, 2152–53, 40 L.Ed.2d 732 (1974); *Spencer v. Central States, Southeast and Southwest Areas Pension Fund*, 778 F.Supp. 985, 989 (N.D.Ill.1991); *Riordan v. Smith Barney*, 113 F.R.D. 60, 62 (N.D.Ill. 1986). The burden of showing that the requirements for class certification have been met rests with the plaintiffs. *General Tel. Co. of Southwest v. Falcon*, 457 U.S. 147, 161, 102 S.Ct. 2364, 2372, 72 L.Ed.2d 740 (1982); *Trotter v. Klincar*, 748 F.2d 1177, 1184 (7th Cir.1984); *Riordan*, 113 F.R.D. at 62.

■ In the instant case, we begin and end our inquiry with subsection (a)(3) of Rule 23, which provide that a district court may certify a class only if the claims or defenses of the representative parties are typical of the claims or defenses of the class. Pursuant to Rule 23(a)(3) we are directed "to focus on whether the named representatives' claims have the same essential characteristics as the claims of the class at large." *De La Fuente v. Stokely–Van Camp, Inc.*, 713 F.2d 225, 232 (7th Cir.1983); *see also Patrykus v. Gomilla*, 121 F.R.D. 357, 361–62 (N.D.Ill.1988). While factual differences between the claims do not alone preclude certification, the representative's claim must arise from "the same event or practice or course of conduct that gives rise to the claims of the other class members and ... [be] based on the same legal theory." *De La Fuente*, 713 F.2d at 232; *see also Riordan*, 113 F.R.D. at 63. In other words, the claims, even if based on the same legal theory, must all contain a common "core of allegation." *Riordan*, 113 F.R.D. at 63 (citing *E. v. Lane*, 530 F.Supp. 930, 943 (N.D.Ill. 1981)).

■ Plaintiffs' claims do not contain a common core of allegation with those of the class at large. Jones and Wilborn assert a course of conduct and practice on the part of Jack O'Malley and Cook County of not affording persons whose property has been seized illegally with a prompt post-deprivation hearing to determine probable cause. That this alleged practice is insufficient to meet the typicality requirement is evident from the specific elements the putative class members must establish in connection with their respective due process claims. Whether a delay in instituting forfeiture proceedings violates due process entails a fact specific inquiry to be made on a case by case basis. *See United States v. Eight Thousand Eight Hundred and Fifty Dollars*, 461 U.S. 555, 564–65, 103 S.Ct. 2005, 2012, 76 L.Ed.2d 143 (1983) (applying balancing test of *Barker v. Wingo*, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972), to determine reasonableness of government's delay in instituting forfeiture proceedings). For each individual class member, this court would be obligated to consider: (1) the length of the delay; (2) the reason assigned by the government for the delay; (3) whether or when the claimant asserted the right to a hearing; and (4) the prejudice to the claimant. *Id.* 461 U.S. at 564, 103 S.Ct. at 2012. None of the facts necessary for this court to balance these factors are derived from a common core of

allegation. As Jones and Wilborn cannot establish the bulk of the elements of each class member's claim in the process of proving their own, they have failed to meet the typicality requirement of Rule 23(a)(3). *See Retired Chicago Police Ass'n v. City of Chicago,* 141 F.R.D. 477, 485 (N.D.Ill.1992) ("To meet the typicality requirement, the named representatives must establish the bulk of the elements of each class member's claims when they prove their own.").

Jones and Wilborn are not the first plaintiffs seeking to challenge the Illinois forfeiture scheme on behalf of a class of individuals whose property has been seized without a prompt post-deprivation hearing to determine probable cause. *See Taylor v. O'Malley,* 1991 WL 278314, 1991 U.S.Dist. LEXIS 19648 (N.D.Ill. Dec. 23, 1991). In *Taylor,* the court denied certification, reasoning that under the flexible approach announced in *United States v. Eight Thousand Eight Hundred and Fifty Dollars,* "questions of law and fact common to the class do not predominate." *Id.,* 1991 WL 278314 at *2, 1991 U.S.Dist. LEXIS 19648 at *6. As did the plaintiffs in *Taylor,* Jones and Wilborn rely on *County of Riverside v. McLaughlin,* 500 U.S. 44, 111 S.Ct. 1661, 114 L.Ed.2d 49 (1991), and *Gerstein v. Pugh,* 420 U.S. 103, 95 S.Ct. 854, 43 L.Ed.2d 54 (1975), in support of certification. Specifically, Jones and Wilborn argue that these cases mandate a prompt, post-deprivation probable cause hearing prior to the forfeiture hearing provided for under Illinois law. Plaintiffs are mistaken. As noted in *Taylor:*

> *Riverside* and *Gerstein* involved pretrial custody of a person. The holding of a person without a hearing before a criminal proceeding is clearly subject to different standards than the holding of property before a civil forfeiture proceeding.... An order requiring a probable cause hearing within a particular period of time would be inconsistent with the flexible approach mandated for due process evaluations.

*Taylor,* 1991 WL 278314 at *3, 1991 U.S.Dist. LEXIS 19648 at *6–7 (citing *Gonzales v. Rivkind,* 858 F.2d 657, 662 (11th Cir.1988)). We agree with the court in *Taylor* that *Riverside* and *Gerstein* do not negate the flexible approach to the due process assessment of delay in forfeiture proceedings.

In sum, having failed to meet the requirements of Rule 23(a)(3), we deny plaintiffs' motion for class certification. Our resolution of the motion under Rule 23(a)(3) obviates the need to consider additional arguments pursuant to Rules 23(a) and 23(b). *See Spencer,* 778 F.Supp. at 991.

## II. Jack O'Malley and Cook County's Motion to Dismiss

In support of their motion to dismiss Count V of plaintiff's complaint, defendants Jack O'Malley and Cook County maintain that: (1) Cook County is not proper party defendant; (2) the Illinois forfeiture statute does not violate the due process clause of the United States Constitution; and (3) no case or controversy exists warranting prospective injunctive relief. We address each contention seriately.

### A. Cook County

 While Cook County is a "person" for purposes of § 1983, it only may be held liable for official practices, policies or customs which directly cause a constitutional deprivation. *Monell v. Department of Soc. Servs.,* 436 U.S. 658, 691, 98 S.Ct. 2018, 2036, 56 L.Ed.2d 611 (1978): *Thompson v. Duke,* 882 F.2d 1180, 1187 (7th Cir.1989), *cert. denied,* 495 U.S. 929, 110 S.Ct. 2167, 109 L.Ed.2d 496 (1990). Plaintiffs' claim against Cook County is defective in that it possesses no authority to institute forfeiture proceedings nor is it responsible for the enforcement of the Illinois forfeiture statute. Pursuant to the Illinois Drug Asset Forfeiture Procedure Act, 725 ILCS 150/1 *et seq.,* such authority rests with the State's Attorney, not Cook County. The State's Attorney is an independently-elected constitutional officer who answers only to the electorate, not to the Cook County Board of Commissioners. Ill. Const. art. VI, § 19. As such, the practice, policy or custom that plaintiffs contest cannot be attributed to Cook County, an entity unrelated to the State's Attorney. This is true despite the fact that Cook County may provide funding for the court system or may receive a percentage of the proceeds of a successful [2]

---

**2.** "Successful," of course, is a relative term. In the above context, it is employed with an eye toward the perspective of the State.

forfeiture proceeding. *See Warren v. Stone,* 958 F.2d 1419, 1422 (7th Cir.1992) (funding is not determinative as to state or county employee status); *Ruehman v. Village of Palos Park,* 1992 WL 281352, at *2, 1992 U.S.Dist. LEXIS 15157, at *6–7 (N.D.Ill. Oct. 7, 1992) (source of funding is of diminished importance in determining state or county status within the context of § 1983). Accordingly, pursuant to the dictates of *Monell* and its progeny, Count V of plaintiffs' complaint cannot be maintained against Cook County.

### B. Due Process Analysis

At one end of the spectrum, plaintiffs claim that the Illinois forfeiture statute runs afoul of the due process clause because it does not provide for an immediate post-deprivation hearing to determine probable cause. To the contrary, O'Malley contends that the postponement of a probable cause determination until the judicial *in rem* forfeiture trial is all that is mandated by the United States Constitution, provided that proceeding occurs within the time frame mandated in the Illinois Drug Asset Forfeiture Procedure Act, 725 ILCS 150/1 *et seq.* These bipolar positions share one common theme; neither depends on the case-by-case analysis detailed above. While such an approach surely would be less burdensome for both this court and the litigants, it does not reflect the current state of the law. As discussed above, the Supreme Court has adopted a flexible approach to the due process assessment of delay in forfeiture proceedings. *See Eight Thousand Eight Hundred Fifty Dollars,* 461 U.S. at 563, 103 S.Ct. at 2011 ("Unlike the situation where due process requires a prior hearing, there is no obvious bright line dictating when a post-seizure hearing must occur."). Thus, "[a]n order requiring a probable cause hearing within a particular period of time would be inconsistent with the flexible approach mandated for due process evaluations." *Taylor,* 1991 WL 278314 at *3, 1991 U.S.Dist. LEXIS 19648 at *7. By the same token, that the post-deprivation proceeding may occur within the time frame provided by Illinois statute is not dispositive. Such a holding could only stand on the assumption that all legislative acts by the State of Illinois comport with the mandates of the United States Constitution, both on their face and in application. This court, however, is not a rubber stamp for the Illinois legislator.

As stated above in our discussion of plaintiffs' motion for class certification, whether the delay in instituting a post-deprivation forfeiture proceeding (wherein a determination of probable cause is made) violates due process must be made on an ad hoc basis in light of the factors identified in *Eight Thousand Eight Hundred Fifty Dollars.* Specifically, with respect to each individual plaintiff, this court is obligated to consider: (1) the length of the delay: (2) the reason assigned by the government for the delay: (3) whether or when the claimant asserted the right to a hearing; and (4) the prejudice to the claimant. *Id.* at 564, 103 S.Ct. at 2012. Proper consideration of these factors, however, involves facts outside of the complaint. Hence, the merits of plaintiffs' claims cannot be resolved within the context of a motion to dismiss.

### C. Case or Controversy

Finally, O'Malley asserts that no case or controversy exists warranting prospective injunctive relief. More to the point, O'Malley maintains that neither Jones nor Wilborn possesses the requisite standing to seek such relief. The requirement that a justiciable controversy exists applies to both actions requesting a declaratory judgment and those seeking equitable relief. *Magnuson v. City of Hickory Hills,* 933 F.2d 562, 565 (7th Cir.1991) (citing *Aetna Life Ins. Co. v. Haworth,* 300 U.S. 227, 57 S.Ct. 461, 81 L.Ed. 617 (1936)). To invoke Article III jurisdiction, a plaintiff seeking injunctive relief must show that there is some immediate danger of a direct injury. *Robinson v. City of Chicago,* 868 F.2d 959, 966 (7th Cir.1989) (citing *City of Los Angeles v. Lyons,* 461 U.S. 95, 103 S.Ct. 1660, 75 L.Ed.2d 675 (1983)). Past exposure to illegal conduct is insufficient to establish a present case or controversy regarding injunctive relief. A past injury must be accompanied with continuing adverse effects. *O'Shea v. Littleton,* 414 U.S. 488, 495–96, 94 S.Ct. 669, 675–76, 38 L.Ed.2d 674 (1974); *Alvarez v. City of Chicago,* 649 F.Supp. 43, 44 (N.D.Ill.1986). A party that

cannot demonstrate that an injunction will accomplish some tangible good in her favor has no standing to seek such relief. *Mann v. Hendrian*, 871 F.2d 51, 52 (7th Cir.1989).

At the time Jones and Wilborn filed their complaint, they were not seeking redress for a past injury. Rather, as alleged in their complaint, they were suffering a direct and current injury as a result of the seizure of their property, and would continue to suffer that injury until they received a post-deprivation hearing to determine probable cause. At that moment, plaintiffs' alleged injury was clearly capable of being redressed through injunctive relief. Thus, this case is distinguishable from *Lyons,* in which the constitutionally objectionable practice ceased altogether before the plaintiff filed his complaint, and we may not withhold injunctive relief for lack of standing. *See Riverside,* 500 U.S. at 50–52, 111 S.Ct. at 1667 (rejecting standing challenge where plaintiffs alleged a direct and current injury which had not ceased prior to filing of second-amended complaint).

We note that the evidence O'Malley asserts in support of his motion, *i.e.,* that Jones' car was returned to her three days prior to the date she filed this action, if true would require a fresh look at the standing issue. Nonetheless, this is a factual matter beyond the face of the complaint and, thus, cannot be resolved within the context of the instant motion to dismiss.

### III. Conclusion

For the reasons set forth above, we deny plaintiffs' motion for class certification. Further, we dismiss Cook County from Count V of plaintiffs' complaint. Defendants' motion to dismiss Count V is denied in all other respects. It is so ordered.